Juan L. Martínez Martínez, peticionario, *v.* Departamento Del Trabajo y Recursos Humanos, recurrido.

*Número:* CC-97-723        *Resuelto:* 28 de mayo de 1998

*Migdalia López Gómez*, abogada del peticionario; *Miguel Pagán* y *Francisco San Miguel Fuxench*, de *Pagán & Pagán*, abogados del recurrido.

PER CURIAM: El recurrente, Sr. Juan L. Martínez Martínez, nos solicita la revisión de la Resolución del Tribunal de Circuito de Apelaciones de 22 de septiembre de 1997 —y notificada el 29 de septiembre de 1997— mediante la cual se desestimó, por falta de jurisdicción, la solicitud de revisión presentada el 31 de marzo de 1997 ante dicho foro. El Tribunal de Circuito de Apelaciones entendió que la solicitud de revisión no fue notificada a las partes dentro del término jurisdiccional de treinta (30) días. Oportunamente, el señor Martínez solicitó la reconsideración de dicha decisión, la cual fue declarada no ha lugar mediante la Resolución de 28 de octubre de 1997, notificada el 5 de noviembre de 1997. De esa determinación, el señor Martínez recurre ante nos. El 27 de febrero de 1998 emitimos una resolución en la cual le concedimos al Departamento del Trabajo y Recursos Humanos el término de quince (15) días para que compareciera y mostrara causa por la cual no debíamos revocar la resolución recurrida. Tal cual requerido, el 5 de marzo de 1998 compareció dicha parte mediante un escrito para mostrar causa. Resolvemos, según lo intimado, que la resolución recurrida es incorrecta por lo que mediante el mecanismo provisto en la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, revocamos.

I

El señor Martínez es empleado regular del Departamento del Trabajo y Recursos Humanos. Dicha agencia implantó —efectivo el 1ro de julio de 1994— su Plan de Clasificación y Retribución. En consecuencia, el puesto del peticionario cambió de Funcionario Ejecutivo IV a Funcionario Ejecutivo V. Asimismo, hubo ajustes en su salario, el cual cambió de novecientos sesenta y un dólares ($961), más un diferencial de trescientos doce dólares ($312), a mil cuatrocientos setenta y ocho dólares ($1,478).

La parte peticionaria solicitó la revisión de su caso por estar en desacuerdo con su nueva clasificación y con la eliminación del diferencial que hasta entonces había disfrutado por dificultad en el reclutamiento y retención.(¹)

La autoridad nominadora —mediante comunicación a esos efectos— le notificó la determinación final tomada en su caso y le advirtió de su derecho a presentar un escrito de apelación ante la Junta de Apelaciones del Sistema de Administración de Personal (en adelante la J.A.S.A.P.), en caso de estar inconforme con la determinación final.

Así las cosas, el 6 de marzo de 1996 el señor Martínez presentó un escrito de apelación ante la J.A.S.A.P. para impugnar la eliminación del diferencial que se le había concedido antes de implementar el nuevo Plan de Clasificación y Retribución. Luego de varios trámites procesales, incluyendo la presentación de la "Contestación a la Apelación" por la parte apelada, la J.A.S.A.P. emitió una resolución para archivar la apelación presentada por el alegado abandono y la falta de interés del apelante en los procedimientos ante aquel foro. Por no estar de acuerdo con la determinación de la J.A.S.A.P., la parte apelante presentó un escrito titulado "Moción Solicitando Reconsideración y en Cumplimiento de Orden". Mediante la Resolución notificada el 24 de febrero de 1997 y archivada en autos el 27 de febrero de 1997, la J.A.S.A.P. declaró sin lugar la moción.

El 31 de marzo de 1997,(²) día en que vencía el término

---

(¹) Al peticionario le aprobaron un diferencial en sueldo por dificultad en el reclutamiento, ya que el sueldo que recibía no se ajustaba a las tareas y responsabilidades del puesto. Éste se aprobó con efectividad al 15 de noviembre de 1990. Posteriormente, por haber recibido el recurrente una oferta de empleo de otra agencia del Gobierno, el Departamento del Trabajo y Recursos Humanos logró la aprobación por parte de la Oficina Central de Administración de Personal (O.C.A.P.) de un diferencial por retención. Ambos diferenciales sumaban la cantidad total de trescientos doce dólares ($312).

(²) Dado que la resolución para declarar sin lugar la moción de reconsideración que presentó la parte apelante recurrente fue notificada el 24 y 27 de febrero de 1997, respectivamente, el término jurisdiccional de treinta (30) días para recurrir ante el Tribunal de Circuito de Apelaciones vencía el 31 de marzo de 1997, toda vez que el 29 y 30 del mismo mes no eran días laborables.

jurisdiccional para recurrir ante el Tribunal de Circuito de Apelaciones y notificar a las partes, el señor Martínez presentó una solicitud de revisión ante dicho foro. Posteriormente, tanto la J.A.S.A.P. como el Departamento del Trabajo y Recursos Humanos solicitaron la desestimación del recurso, alegando que no fueron notificados dentro del término jurisdiccional requerido. La J.A.S.A.P. acredita que fue notificada el 2 de abril de 1997 y el Departamento del Trabajo y Recursos Humanos el 1ro de abril de 1997. En vista de la solicitud presentada, el Tribunal de Circuito de Apelaciones le concedió al señor Martínez el término de diez (10) días para comparecer y mostrar causa por la cual no debería desestimar, cónsono con las razones aducidas por la J.A.S.A.P. y el Departamento del Trabajo y Recursos Humanos.[3] Luego de haber vencido el término referido, el Tribunal de Circuito de Apelaciones decretó la desestimación del recurso por falta de jurisdicción al entender que las partes no fueron notificadas oportunamente de dicho recurso. El señor Martínez presentó una moción de reconsideración ante el Tribunal de Circuito de Apelaciones en cuanto a su determinación de desestimar. Luego de la presentación de diversos escritos, el Tribunal de Circuito de Apelaciones reiteró su decisión de desestimar la acción por falta de jurisdicción.

Por estar inconforme, el señor Martínez acude ante nos y señala la comisión del error siguiente:

> Cometió error el Tribunal de Circuito de Apelaciones al entender que no tenía jurisdicción para considerar en la Solicitud de Revisión por entender que no se había notificado tanto a la parte como a la agencia recurrida dentro del término jurisdiccional de treinta (30) días. Petición de *certiorari*, pág. 5.

---

[3] De la Resolución del Tribunal de Circuito de Apelaciones de 22 de septiembre de 1997 surge que el término concedido a la parte recurrente para mostrar causa transcurrió en exceso sin que éste hubiera comparecido ni excusado su incumplimiento.

## II

La Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2172, dispone, en lo pertinente, que:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final .... *La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo.* (Énfasis suplido.)

█ En conformidad con la antes transcrita disposición de ley, surge el propósito de establecer un procedimiento uniforme de revisión de las órdenes o de las determinaciones finales de las agencias administrativas. Hemos opinado que, de un análisis de sus términos, ellos denotan la intención legislativa de plasmar indubitadamente el requisito de que los recursos de revisión se perfeccionen y notifiquen dentro del término de treinta (30) días, siendo éste un requisito de carácter jurisdiccional. En consecuencia, la falta de notificación dentro del término prescrito por ley tiene el efecto de privar la jurisdicción a los tribunales. *Méndez v. Corp. Quintas San Luis*, 127 D.P.R. 635, 638 (1991).[4]

---

[4] Reconocemos que es política del Estado que las controversias administrativas sean resueltas de manera informal, ya que ello propende a que se haga de una forma rápida, justa y económica. 3 L.P.R.A. sec. 2101. De ordinario, pues, los mecanismos procesales —tales como las Reglas de Evidencia y de Procedimiento Civil— no deben utilizarse en este tipo de procedimientos para evitar "las trabas procesales de los tribunales de justicia". *López Vives v. Policía de P.R.* 118 D.P.R. 219, 231 (1987); *J.R.T. v. Missy Mfg. Corp.*, 99 D.P.R. 805 (1971); *Martínez v. Tribunal Superior*, 83 D.P.R. 717, 720 (1961). Sin embargo, a modo de analogía, es pertinente mencionar brevemente lo que hemos opinado en cuanto al requisito de notificación a

Asimismo, la Regla 58(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, en cuanto a la presentación y notificación de los recursos de revisión, dispone, en lo pertinente, lo siguiente:

> (B) La parte recurrente notificará el escrito inicial de revisión a los (las) abogados(as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo de cuyo dictamen se recurre, dentro del término para presentar el recurso.
>
> Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por empresa privada con acuse de recibo.... *La notificación por correo certificado o mediante un servicio similar de entrega personal con acuse de recibo se considerará efectuada con la entrega al correo o a la empresa equivalente. ... La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes.* (Énfasis suplido.)

■ Al analizar ambas disposiciones notamos que éstas son diáfanas a los efectos de permitir la notificación tanto a la parte como a la agencia mediante la vía del correo. De hecho, el Reglamento del Tribunal de Circuito de Apelaciones es mucho más detallado al disponer que la fecha del depósito en el correo será considerada como la fecha de la notificación a las partes.[5]

---

las partes, en lo que se refiere tanto a los escritos de apelación como de *certiorari*, según lo dispuesto en las Reglas de Procedimiento Civil.

Así, en *Campos Del Toro v. Ame. Transit Corp.*, 113 D.P.R. 337, 347 (1982), declaramos que

"... el requisito de notificación mediante correo certificado a que se refiere la Regla 53.3 de Procedimiento Civil no es lo determinante de nuestra jurisdicción. Lo determinante es que la notificación se haga 'dentro del término' para solicitar la revisión. Dicha notificación se perfecciona si se hace por correo 'al ser depositada en el correo'." (Citas omitidas.)

Aunque los Arts. 20 y 21 de la Ley Núm. 249 de 25 de diciembre de 1995 enmendaron las Reglas 53.2 y 53.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, en cuanto a los escritos de apelación y de *certiorari*, se ordena que en todo caso la notificación y presentación de escritos se haga conforme a la Regla 67 de Procedimiento Civil, 32 L.P.R.A. Ap. III, Esta última dispone —específicamente la Regla 67.2 (32 L.P.R.A. Ap. III)— que "la notificación por correo quedará perfeccionada al ser depositada en el correo".

[5] El caso *Carrero v. Depto. de Educación*, 141 D.P.R. 830 (1996), plantea —como una de sus controversias— cuál es el momento cuando se perfecciona el envío por correo de un escrito de apelación a la J.A.S.A.P., si cuando se deposita en el

En el caso de autos, la J.A.S.A.P. dictó la resolución recurrida el 24 de febrero de 1997 y ésta fue archivada en autos el 27 de febrero de 1997. Si tomamos en consideración que el término para solicitar la revisión ante el Tribunal de Circuito de Apelaciones de una determinación de una agencia administrativa es de treinta (30) días, tenemos que concluir que en el caso de autos este término venció el 31 de marzo de 1997.(⁶)

Así, pues, de un análisis ponderado de los autos y documentos anejos a la petición de *certiorari* se desprende que el señor Martínez en efecto presentó su escrito de revisión el 31 de marzo de 1997. Encontramos, además, que éste notificó al Departamento del Trabajo y Recursos Humanos y a la J.A.S.A.P. mediante correo certificado con acuse de recibo el 31 de marzo de 1997, último día hábil en que vencía el término jurisdiccional de treinta (30) días para notificarlas. La notificación por correo se considera efectuada con el acto de depositarla en el correo, y habiendo sido ésta hecha dentro del término jurisdiccional de treinta (30) días, forzoso es concluir que la notificación fue oportuna. En *Campos del Toro v. Ame. Transit Corp.*, supra, pág. 348, tomamos conocimiento judicial de que una vez hecho el depósito de alguna comunicación escrita en

---

correo o cuando se recibe por la agencia. En las circunstancias particulares de ese caso, resolvimos en conformidad con lo dispuesto en el Art. 2(2.2) del Reglamento Núm. 3965 de 9 de agosto de 1989, conocido como "Reglamento Procesal de la Junta de Apelaciones del Sistema de Administración de Personal", el cual instrumenta la Sec. 7.15 de la Ley de Personal del Servicio Público de Puerto Rico. Éste, en lo pertinente, requiere que para determinar la fecha de presentación se atienda única y exclusivamente la fecha cuando el escrito de apelación es presentado y sellado en la Secretaría de la J.A.S.A.P. El caso *Carrero v. Depto. de Educación*, supra, es completamente distinguible del de autos. En el caso de epígrafe nos solicitan que determinemos cuándo se perfecciona la notificación de un recurso de revisión ante el Tribunal de Circuito de Apelaciones de una determinación de una agencia administrativa cuando ésta es enviada por correo certificado con acuse de recibo. No es lo mismo presentar un escrito de apelación ante la J.A.S.A.P., lo cual está expresamente regulado en su reglamento y ha sido interpretado por este Tribunal que recurrir al Tribunal de Circuito de Apelaciones de una determinación de la J.A.S.A.P. con el correspondiente deber de notificarla.

(⁶) Véase el esc. 2.

una oficina postal, puede transcurrir un lapso de tiempo de dos (2) a tres (3) días antes de que su destinatario la reciba. Es lógico, entonces, que tanto el Departamento del Trabajo y Recursos Humanos como la J.A.S.A.P. recibieran la notificación con posterioridad a la fecha del depósito en la oficina de correos; aquél el 1ro de abril de 1997 y ésta el 2 de abril de 1997. Esta situación en nada afectó el cumplimiento del requisito jurisdiccional de la notificación.

*Procede expedir el auto de "certiorari", revocar la resolución emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional I (San Juan), el 22 de septiembre de 1997, mediante la cual se desestimó por falta de jurisdicción la solicitud de revisión presentada y devolver el caso a dicho foro para que continúen los procedimientos apelativos.*

*Se dictará sentencia de conformidad.*