EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Ivette Montañez Rivera<br>    Recurrida<br><br>    v.<br><br>Policía de Puerto Rico<br>    Peticionario | Certiorari<br><br>2000 TSPR 68 |
|---|---|

Número del Caso: CC-1999-0250

Fecha: 03/05/2000

Tribunal de Circuito de Apelaciones: Circuito Regional I

Panel Integrado por:
                    Hon. Alfonso de Cumpiano
                    Hon. Giménez Muñoz
                    Hon. Miranda de Hostos

Abogado del Peticionario:

                    Lcdo. Javier I. Pérez Suárez

                    Oficina del Procurador General
                    Lcdo. Angel M. Rivera Rivera
                    Procurador General Auxiliar


Abogado de la Parte Recurrida:

                    Lcdo. Edgardo Cortés Morales


Materia: Revisión de Decisión de Agencia Administrativa


        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ivette Montañez Rivera
    **Demandante-recurrido**

    **vs.**                           **CC-99-250**     **CERTIORARI**

**Policía de Puerto Rico**

    **Demandado-peticionario**

    **Opinión del Tribunal emitida por el Juez Asociado SEÑOR REBOLLO LOPEZ**

    **San Juan, Puerto Rico, a 3 de mayo de 2000**

    **El 12 de noviembre de 1996 la recurrida, Sra. Ivette Montañez Rivera, sometió ante el Tribunal de Circuito de Apelaciones un "Escrito de Apelación"[1] para que revisara una determinación de JASAP, confirmatoria la misma de una decisión de la Policía de Puerto Rico de no concederle admisión al cuerpo ni acceso a la información confidencial justificativa de dicho rechazo. El "Escrito de Apelación", según se desprende de la certificación de envío, fue notificado al abogado de la Policía. <u>No se notificó del mismo a JASAP</u>.**

---

    **[1] Realmente se trataba de un recurso de revisión judicial de una decisión administrativa.**

El Tribunal de Circuito de Apelaciones emitió sentencia el 22 de abril de 1997, archivándose en autos copia de la notificación de la misma el día 15 de mayo de 1997, mediante la cual falló en favor de la Sra. Montañez Rivera. De esa sentencia, la Policía de Puerto Rico recurrió ante este Tribunal, siendo denegada la petición de certiorari el 18 de julio de 1997.

El 26 de septiembre de 1997, JASAP solicitó del Tribunal de Circuito de Apelaciones reconsideración y/o relevo de la sentencia que había emitido en el caso y cuya revisión fuera denegada por este Tribunal. En síntesis, alegó que todo el proceso judicial de la causa estaba viciado fatalmente de nulidad debido a que la Sra. Montañez Rivera no le había notificado del trámite de revisión judicial ante el Tribunal de Circuito de Apelaciones; solicitud de reconsideración y/o de relevo de sentencia a la que se unió, o hizo suya, la Oficina del Procurador General de Puerto Rico en escrito de fecha 22 de octubre de 1997. La misma fue <u>denegada</u> por el Tribunal de Circuito de Apelaciones[2].

De esa denegatoria, compareció ante este Tribunal la Policía de Puerto Rico, representada por el Procurador General, imputándole al Tribunal de Circuito de Apelaciones haber errado al rehusar dejar sin efecto una sentencia nula por falta de jurisdicción. Expedimos el auto

_____

[2] En la Resolución que a esos efectos emitiera, de fecha 26 de febrero de 1999, el foro apelativo intermedio señaló, en primer término y en lo pertinente, que:

> "Esta moción de JASAP [la de relevo] se presentó, por primera vez, luego de que el Procurador General representando a la Policía se había sometido a nuestra jurisdicción, alegando que el recurso aunque titulado como apelación era una revisión, después de emitida nuestra sentencia y de haber acudido al Tribunal Supremo,
> sin cuestionar la jurisdicción. En resumen, luego de haber transcurrido un (1) año de haberse tramitado al recurso en todas las etapas revisoras."

En vista a lo antes expuesto, el Tribunal de Circuito de Apelaciones concluyó que:

> "..., dadas las circunstancias particulares, no procede ordenar el relevo de sentencia, luego de haber transcurrido más de un (1) año de emitida, pues la parte recurrida [la

de certiorari. Estando en condiciones de resolver el mismo, procedemos a así hacerlo.

I

En <u>Olmeda Díaz</u> v. <u>Departamento de Justicia</u>, res. el 27 de junio de 1997, 143 D.P.R.___ (1997), este Tribunal se enfrentó a una <u>situación análoga</u> a la del caso de autos. Allí señalamos que el Artículo 6 de la Ley Núm. 247 de 25 de diciembre de 1995[3] específicamente enmendó el trámite de los casos de revisión administrativa para establecer no solo que una parte adversamente afectada por una decisión de una agencia u organismo apelativo puede solicitar al
Tribunal de Circuito de Apelaciones que revise la decisión dentro de un término de treinta días sino que para establecer que la solicitud de revisión tiene que notificarse a todas las partes, <u>y a la agencia concernida</u>, dentro del plazo dispuesto por ley para solicitar la revisión judicial.

<u>La notificación antes mencionada es de carácter jurisdiccional</u>. En lo que concierne al caso hoy ante nuestra consideración, ello tiene la consecuencia de que el foro judicial <u>carece de jurisdicción</u> para revisar una determinación de JASAP en los casos en que <u>no</u> se ha notificado a dicha agencia con copia del recurso de revisión judicial dentro del plazo señalado.

II

Conforme surge de la relación que de los hechos hiciéramos, fueron dos (2) los fundamentos aducidos por el Tribunal de Circuito de Apelaciones en apoyo de su negativa a conceder el relevo de sentencia solicitado, a saber: que la referida solicitud de relevo fue sometida ante su consideración "luego de haber transcurrido un (1) año de haberse tramitado el recurso en todas las etapas revisoras" y por el

---

Policía de Puerto Rico] no impugnó nuestra jurisdicción ni la del Tribunal Supremo para que se dilucidara la controversia."

[3] 3 L.P.R.A. Sec. 2172.

hecho de que la Policía de Puerto Rico nunca impugnó la jurisdicción de los foros apelativos.

Aparte del hecho de que es erróneo el señalamiento del foro apelativo intermedio, a los efectos de que la solicitud de relevo de sentencia fue presentada fuera del término de seis (6) meses que establece la Regla 49.2 de las Reglas de Procedimiento Civil[4] --pues de los autos claramente surge que copia de la sentencia emitida por el Tribunal de Circuito, con fecha del 22 de abril de 1997, fue <u>archivada en autos</u> el 15 de mayo de 1997 y que JASAP radicó la moción de relevo el 26 de septiembre del mencionado año-- dicho señalamiento es uno realmente inconsecuente e irrelevante en vista de que dicha disposición reglamentaria, por los fundamentos que expondremos, <u>no</u> es realmente aplicable a los hechos del caso ante nuestra consideración.

Resulta necesario puntualizar que, en estricto derecho, únicamente lo "anulable" puede ser objeto de "relevo" por el tribunal al amparo de las disposiciones de la antes citada Regla 49.2 de Procedimiento Civil; ello en vista del hecho de que lo "anulable" es una identidad real bajo el palio de lo jurídico. Debe quedar claro, sin embargo, que lo que es "nulo" no puede ser objeto de "relevo" de parte de un tribunal pues lo nulo nunca tuvo eficacia alguna, nunca "nació" en derecho, nunca existió.

Una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho <u>y, por lo tanto, inexistente</u>. En

---

[4] Establece la citada Regla 49.2 de Procedimiento Civil, en lo pertinente, que:

> "Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:
>
> [...]
> (4) Nulidad de sentencia;
> [...]
> La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. [...]"

consecuencia, debe quedar claro que cuando la Regla 49.2 habla de "nulidad" de una sentencia hemos de entender que necesariamente se refiere a casos de "anulabilidad". En otras palabras, el plazo de seis (6) meses que establece la citada Regla 49.2 es _inoperante_ ante una sentencia "nula", no así ante una alegación de "anulabilidad" de una sentencia.

Dicho de otra forma, la discreción que tiene un tribunal, al amparo de las disposiciones de la Regla 49.2 de Procedimiento Civil, para relevar a una parte de los efectos de una sentencia resulta inaplicable cuando se trata de una sentencia que es "nula"; si es nula, _no_ hay discreción para el relevo, _hay obligación de decretarla nula_. Véase: _Banco Santander P.R_ v. _Fajardo Farms Corp._, res. el 28 de junio de 1996; _Figueroa_ v. _Banco de San Juan_, 108 D.P.R. 680 (1979).

Es inescapable la conclusión, en consecuencia, que ante la certeza de nulidad de una sentencia, resulta _mandatorio_ declarar su inexistencia jurídica; ello _independientemente_ del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses establecido en la antes citada Regla 49.2 de Procedimiento Civil. En el presente caso, como hemos visto, dicho plazo no había transcurrido, situación que, dados los hechos específicos del caso, resulta totalmente inmaterial.

No habiendo la Sra. Martínez Rivera notificado a JASAP del recurso de revisión judicial que radicara ante el Tribunal de Circuito de Apelaciones, en revisión de la decisión que dicha agencia emitió en el caso, y siendo dicho requisito uno de carácter jurisdiccional, procede _declarar_ la nulidad de la sentencia que en dicho procedimiento de revisión administrativa emitiera el referido tribunal apelativo intermedio por razón de que dicho foro judicial carecía de jurisdicción para entender en el mismo; procediendo la devolución del caso al foro

administrativo para procedimientos ulteriores consistentes con lo aquí resuelto[5].

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LOPEZ
**Juez Asociado**

---

[5] Nos abstenemos de discutir el segundo de los fundamentos, aducidos por el Tribunal de Circuito de Apelaciones en apoyo de su negativa a decretar la nulidad de la sentencia que emitiera, esto es, el hecho de que la Policía de Puerto Rico no impugnó la jurisdicción de dicho foro apelativo al <u>originalmente</u> comparecer ante el mismo. Basta con señalar que una parte <u>no</u> le puede "suplir" jurisdicción a un tribunal en un caso determinado cuando dicho foro carece de esa jurisdicción, mucho menos "por omisión".

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ivette Montañez Rivera

    **Demandante-recurrido**

        **vs.**

**Policía de Puerto Rico**

    **Demandado-peticionario**

CC-99-250

CERTIORARI

SENTENCIA

San Juan, Puerto Rico, a 3 de mayo de 2000

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia declarando la nulidad de la sentencia que emitiera el Tribunal de Circuito de Apelaciones, con fecha de 22 de abril de 1997, por razón de que dicho foro judicial carecía de jurisdicción para entender en el procedimiento de revisión administrativa en controversia; procediendo la devolución del caso al foro administrativo para procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino. La Juez Asociada señora Naveira de Rodón concurre en el resultado sin opinión escrita. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.


                      Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo