# 2008 DTA 111

## TRIBUNAL DE APELACIONES
### REGIÓN JUDICIAL DE SAN JUAN/HUMACAO, PANEL V

CENTRO DE ACCIÓN AMBIENTAL; LA COALICIÓN DE DORADO; LA ASOCIACIÓN DE RESIDENTES DE DORADO DEL MAR, INC.; RAQUEL OCASIO RODRÍGUEZ; JOSÉ I. GIRALDO; PAULA M. CRANDALL; SARAH PEISCH KOLLINS; SANDRA ROSARIO; MISIÓN INDUSTRIAL
Recurrentes

v.

JUNTA DE PLANIFICACIÓN; DEPARTAMENTO DE LA VIVIENDA; PROPERTY RENTAL & INVESTMENT
Recurridos

Núm. KLRA-2007-00527

San Juan, Puerto Rico, a 11 de septiembre de 2008

Panel integrado por su Presidente, el Juez Arbona Lago, el Juez Salas Soler y la Juez Velázquez Cajigas

Velázquez Cajigas, Jueza Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

En el presente recurso de revisión judicial comparecen, como parte recurrente, el Centro de Acción Ambiental, la Coalición de Dorado, la Asociación de Residentes de Dorado del Mar, Inc., Raquel Ocasio Rodríguez, José I. Giraldo, Paula M. Crandall, Sandra Rosario, Sara Petish Kollins y Misión Industrial, todos representados por el Lcdo. Pedro Saadé Lloréns y el Lcdo. Andrés Santos Ortiz. Nos solicitan que revisemos la resolución emitida el 18 de enero de 2007, notificada el 22 de enero, y la resolución en reconsideración de 3 de

abril de 2007, notificada 10 de mayo de 2007, mediante las cuales la Junta de Planificación (Junta) aprobó la consulta Núm. 2004-11-0270-JPU.

Por otro lado, comparece mediante moción de desestimación del recurso de revisión una de las partes recurridas, Property Rental & Investment Corporation (Property Rental), dueño del terreno y prospectivo dueño de un proyecto residencial multifamiliar, localizado en la Comunidad Mameyal del Barrio Higuilar, Municipio de Dorado. El proyecto consistente de un edificio de once plantas con sesenta y seis apartamentos y las facilidades relacionadas, respecto al cual se sometió la consulta Núm. 2004-11-0270-JPU. Argumenta Property Rental que procede la desestimación del recurso por falta de jurisdicción, ya que los recurrentes no notificaron del recurso de revisión al Ing. Camilo Almeyda Eurite, de la firma de ingenieros Almeyda y Almeyda. La parte recurrente se opuso a la desestimación. Procedemos a desestimar el recurso por no haberse notificado oportunamente la presentación del recurso de revisión a ciertas partes cuya notificación era requerida, lo cual nos priva de jurisdicción.

**I**

Ambas resoluciones recurridas, las emitidas el 18 de enero y la del 3 de abril de 2007, de la Junta de Planificación en la consulta Núm. 2004-11-0270-JPU, indican en su última página, inmediatamente antes de la firma del Presidente de la Junta de Planificación, la siguiente orden respecto la notificación de la resolución. Hemos separado la misma en partes, para mayor claridad, pero sin modificar en forma alguna su contenido, excepto que hemos subrayado ciertas partes de ésta que son pertinentes para la discusión subsiguiente. El uso de letras negritas ("*bold*") es según se aprecia en el original. La sección ordenando la notificación dispone textualmente como sigue:

"*NOTIFÍQUESE: A LAS PARTES CUYOS NOMBRES Y DIRECCIONES SE MENCIONAN A CONTINUACIÓN:*

*Lcdo. Luis Juarbe Jiménez, representante legal de Property Rental & Investment Corp a: Edificio Barbosa, Oficina 103, Avenida Barbosa #618, San Juan, PR 00918;*

*Ing. Camilo Almeyda Eurite a: Avenida Ponce de Léon #1519, Oficina 1120, San Juan, PR 00909-1732;*

*Sr. Juan Crespo, Vicepresidente de Condominio Costa Dorada II a: P.O. Box 929, Dorado, PR 00646;*

*Lcda. Leonor Porrata Doria a: 1519 Avenida Ponce de León, Oficina 717, San Juan, PR 00919-1723;*

*Asociación de Residentes de la Urbanización Dorado del Mar Hotel & Country Club, a través de su representante legal Lcdo. Hermán Cestero a: 27 Edificio Tres Ríos, Avenida González Giusti, Guaynabo, PR 00968-3037;*

*Save Our Beach; La Coalisión Dorado y Sra. Raquel Ocasio Rodríguez, José I. Giraldo López, Paula M. Crandall y Sra. Sandra I. Rosario Ortiz, a través de su representación legal, Lcdo. Andrés Santos Ortiz a: 421 Avenida Muñoz Rivera, Condominio Midtown, Oficina B-1, San Juan, PR 00918;*

*Dorado del Mar Homeowners Association, Inc., a través de su representante legal Lcdo. Armando González a: P.O. Box 362256, San Juan, PR 00936-2256;*

*Asociación de Residentes de Dorado del Mar Inc., a través de su representante legal Lcdo. Pedro Saadé Lloréns a: Edificio Esquire, Oficina 402, 2 Calle Vela, San Juan, PR 00918-3622;*

*Misión Industrial, a través de su representante, Maryanne Meyn, a Apartado 3663728, San Juan, PR 00936-*

*3728;*

**Hon. Alcalde del Municipio de Dorado a:** *P.O. Box 588, Dorado, PR 00646; los colindantes inmediatos por los cuatro (4) puntos cardinales.*

*NOTIFÍQUESE ADEMÁS,* **COPIA DE CORTESÍA A TODAS LAS PERSONAS CUYOS NOMBRES Y DIRECCIONES OBRAN EN EL EXPEDIENTE ADMINISTRATIVO.*"* (Negritas en original, subrayado añadido.)

Por otro lado, la sección de notificación en el escrito *"Solicitud de Revisión"* presentada ante este Foro por la parte recurrente es como sigue:

*"IX. NOTIFICACIÓN [1]*

*CERTIFICO: Que en esta misma fecha se le está notificando copia fiel y exacta del documento que antecede mediante correo certificado:*

*al Lcdo. Luis Juarbe Jiménez, Edificio Barbosa, Ofic. 103, Ave. Barbosa #618, San Juan, PR 00918;*

*al Sr. Juan Crespo del Condominio Costa Dorada II, P.O. Box 929 Dorado PR, 00646;*

*al Lcdo. Herman Cestero de la Asoc. de Res. de la Urbanización Dorado del Mar Hotel & Country Club, 27 Edificio Tres Ríos, Avenida González Giusti, Guaynabo, PR 00968-3037;*

*al Alcalde del Municipio de Dorado, P.O. Box 588, Dorado, PR 00646;*

*al Departamento de la Vivienda, PO Box 21365, San Juan PR 00928-1365;*

*a Ángel A. Rodríguez, Presidente de la Junta de Planificación, Apartado 41119, San Juan, PR 00940-1119*

*Las partes omitidas incluyen:*

*Ing. Camilo Almeyda Eurite*
*Lcda. Leonor Porrata Doria*
*Dorado del Mar Homeowners Association, Inc.*" **[2]**

El 17 de septiembre de 2007, Property Rental presentó una moción solicitando la desestimación del recurso por falta de jurisdicción. Adujo que éste no fue notificado dentro del término jurisdiccional al Ing. Camilo Almeyda Eurite, quien había sido reconocido como parte por la Junta. El 27 de septiembre, la parte recurrente presentó su oposición a la desestimación.

Los reclamos respecto jurisdicción son privilegiadas y como tal deben atenderse y resolverse con preferencia a cualesquiera otros. Un tribunal sin jurisdicción tiene que limitarse a señalar su falta de jurisdicción. Procedemos a resolver el señalamiento jurisdiccional presentado por Property Rental.

**II**

La Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 L.P.R.A. sec. 2172, dispone:

**"3 L.P.R.A. § 2172 Revisión - Términos para radicar. [3]**

*Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar un recurso de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 2165 de este título, cuando el término para instar el recurso de revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. **La parte notificará la presentación del recurso de revisión a la agencia y a todas las partes dentro del término para instar el recurso de revisión.** La notificación podrá hacerse por correo."* (Énfasis suplido.)

El inciso (j) de la a Sec. 1.3 de LPAU, 3 L.P.R.A. sec. 2102(j), define *"parte"* como sigue:

***"3 L.P.R.A. § 2102 Definiciones.***

*(j) Parte. Significa toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o **que se le permita** intervenir o **participar en la misma**, o que haya radicado una petición para la revisión o cumplimiento de una orden, **o que sea designada como parte en dicho procedimiento.** "* (Énfasis suplido.)

La Ley Núm. 331 de 16 de septiembre de 2004, efectiva desde la fecha de su aprobación, enmendó la Sec. 3.14 de LPAU, 3 L.P.R.A. sec. 2164. Dicha ley es posterior a la opinión en *Lugo Rodríguez v. J.P*, 150 D.P.R. 29 (2000), pero previa a la fecha de las resoluciones recurridas. La misma dispone expresamente en su Artículo 2 que: *"Toda ley, regla o reglamento que sea contrario a lo aquí dispuesto queda derogada."*

La Sec. 3.14, después de enmendada, dispone:

***"3 L.P.R.A. § 2164 Ordenes o resoluciones finales***

*Una orden o resolución final deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada.*

*La orden o resolución deberá incluir y exponer separadamente determinaciones de hechos si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o por cualquier otro funcionario autorizado por ley.*

***La orden o resolución advertirá*** *el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho ante el Tribunal de Apelaciones, así como **las partes que deberán ser notificadas del recurso de revisión**, con expresión de los términos correspondientes. Cumplido este requisito, comenzarán a correr dichos términos. (Énfasis suplido.)*

*La agencia deberá especificar en la certificación de sus órdenes o resoluciones **los nombres y direcciones de las personas -naturales o jurídicas- a quienes, en calidad de partes, les fue notificado el dictamen**, a los fines de que éstas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley. (Énfasis suplido.)*

*La agencia deberá notificar por correo **a las partes**, y a sus abogados, de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la*

*notificación. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma. (Énfasis suplido.)"*

En *Lugo Rodríguez v. J.P.*, 150 D.P.R. 29, 42-44 (2000), el Tribunal Supremo examinó el concepto de parte, para propósito del requisito de ser notificado de la presentación de un recurso de revisión judicial según dispone la Sec. 4.2 de LPAU, *supra*, exponiendo:

*"Es menester aclarar que no todo aquel que provee información relacionada con la consulta de ubicación automáticamente pasa a ser "parte" en el proceso. Recientemente, en Rivera v. Morales, 149 D.P.R. 672 (1999), señalamos que, en aras de tramitar y resolver una consulta de ubicación, la Junta de Planificación puede celebrar vistas públicas o privadas a las cuales pueden comparecer las personas interesadas en expresarse en torno al proyecto propuesto."*

También puede solicitar asesoramiento de entidades públicas o privadas. Sobre el particular, la Sec. 7.01 del Reglamento para Procedimientos Adjudicativos de la Junta de Planificación (revisado), pág. 7-3, **[4]** dispone que:

*"La Junta de Planificación consultará, cuando lo considere necesario, a cualquiera de los organismos gubernamentales, comisiones locales de planificación y otras entidades públicas y privadas que de alguna manera tengan relación con los proyectos bajo estudio."*

En *Rivera v. Morales, supra*, sostuvimos que las entidades consultadas por la Junta de Planificación no necesariamente caen bajo la definición de *"parte"* contenida en la L.P.A.U. Por el contrario, aclaramos que:

*"[S]u participación consiste más bien en ilustrar a la Junta, en ayudarla a llevar a cabo su función de evaluar las consultas de ubicación y considerar la conveniencia o los perjuicios de los proyectos propuestos." Íd.* pág. 685.

Ciertamente, de una simple lectura de la Sec. 1.3 de la L.P.A.U., *supra*, y de lo establecido en la jurisdicción federal, se colige que no sólo el promovente, el promovido, el interventor y aquél designado como tal se consideran *"parte"* en un procedimiento administrativo.

Además, **son *"parte"* las personas cuyos derechos y obligaciones puedan verse adversamente afectados por la acción o inacción de la agencia y que, a su vez, participan activamente en los procedimientos administrativos**. (Énfasis suplido.)

A esos fines, distinguimos al participante activo de un mero participante. Según el Profesor Fernández Quiñones, **[5]** un mero participante se limita a comparecer a la audiencia pública, sin mayor intervención; o declara en la misma, pero no demuestra interés ulterior en el asunto; o únicamente suple evidencia documental; o participa en calidad de *amicus curiae*.

Una participación activa, por el contrario, requiere una intervención más plena en el procedimiento. La persona ha de demostrar que tiene un interés reconocido en el dictamen de la agencia; comparece a la(s) vista(s) y presenta su posición oralmente y por escrito; y asume un rol activo en el proceso más allá de una mera participación como testigo o *"amigo de la corte"*. Un participante activo es, pues, aquél que utiliza los remedios disponibles en aras de proteger su interés e interviene de forma tal en el proceso que resultaría injusto y arbitrario no considerarlo una *"parte"*.

En resumen, a tenor con la Sec. 4.2 de la L.P.A.U., *supra*, **son *"parte"* a las cuales es necesario notificar copia de un recurso de revisión judicial:** (1) el promovente; (2) el promovido; (3) el interventor; (4) **aquél**

que haya sido notificado de la determinación final de la agencia administrativa; (5) **aquél que haya sido reconocido como** *"parte"* **en la disposición final administrativa;** y (6) **aquél que participa activamente durante el procedimiento administrativo y cuyos derechos y obligaciones puedan verse adversamente afectados por la acción o inacción de la agencia.** (Énfasis suplido.)

No son *"parte"* a quienes tenga que notificárseles copia de los recursos de revisión: (1) el mero participante; (2) el *amicus curiae*; **[6]** (3) aquél que comparece a la audiencia pública, sin mayor intervención; (4) aquél que únicamente declara en la vista, sin demostrar ulterior interés; (5) aquél que se limita a suplir evidencia documental; (6) aquél que no demuestre tener un interés que pueda verse adversamente afectado por el dictamen de la agencia.

En *Rivera v. Morales, supra,* explicamos que una persona no tiene que solicitar intervención para ser considerada *"parte"* en un proceso administrativo. Basta con tener interés en el procedimiento, comparecer a las vistas para oponerse y demostrar su interés en formar parte del mismo.

Más adelante, en la misma opinión, págs. 46-47, el Tribunal reiteró la norma originalmente pautada en *Const. I. Meléndez, S.E. v. A.C.,* 146 D.P.R. 743, 749 (1998), al efecto de que la agencia administrativa debe dejar claro en su resolución a quienes considera como parte en los procedimientos. Reiteró, además, la doctrina que el incumplimiento con la obligación de notificar a todas las partes del recurso de revisión priva de **jurisdicción del Tribunal de Apelaciones.** A esos efectos expuso:

*"En conformidad con las pautas sentadas en Const. I. Meléndez, S.E. v. A.C., supra, hoy reafirmadas, advertimos que **las agencias administrativas deberán especificar en la certificación de sus resoluciones las partes a las cuales le notificaron su dictamen en calidad de "partes" en el procedimiento,** a los fines de evitar confusiones, y para que puedan éstas ejercer efectivamente el derecho a la revisión judicial conferido por ley.* (Énfasis suplido).

*Finalmente, en Martínez v. Departamento del Trabajo, 145 D.P.R. 588 (1998), sostuvimos que, de conformidad con la Sec. 4.2 de la L.P.A.U., supra, surge el claro propósito de fijar un procedimiento uniforme de revisión de las órdenes o determinaciones finales de las agencias administrativas y de que el recurso de revisión se perfeccione dentro del término de treinta (30) días. (Énfasis suplido.) En lo pertinente, opinamos que*

*... de un análisis de sus términos, los mismos denotan la intención legislativa de plasmar indubitadamente el requisito de que los recursos de revisión se perfeccionen y notifiquen dentro del término de treinta (30) días, siendo éste un requisito de carácter jurisdiccional. En consecuencia, la falta de notificación dentro del término prescrito por ley tiene el efecto de privar de jurisdicción a los tribunales."* **[7]** *Martínez v. Depto. del Trabajo, supra,* pág. 592. (Énfasis suplido.)

El recurrente presentó recurso de revisión ante el Tribunal de Circuito de Apelaciones, notificando copia de éste únicamente a la Junta. Reiteradamente hemos sostenido que el incumplimiento con el deber de notificar la solicitud de revisión judicial a todas las partes priva de jurisdicción al tribunal para entender en los méritos del recurso de revisión. *Const. I. Meléndez, S.E. v. A.C., supra; Olmeda Díaz v. Depto. de Justicia,* 143 D.P.R. 596 (1997). Por ende, el no haber notificado a las demás partes, entiéndase los opositores, privó de jurisdicción al tribunal apelativo para entender en los méritos del recurso.

La norma de *Lugo Rodríguez v. J.P., supra,* fue reiterada sin cambio significativo en *Ocean View v. Reina del Mar,* 161 D.P.R. 545, 555-556 (2004). **[8]** Dicho caso también fue resuelto previo a las resoluciones recurridas en el presente recurso. El Tribunal Supremo reiteró la norma como sigue:

La Ley de Procedimiento Administrativo Uniforme (en adelante, *"LPAU"*) define el término *"parte"* como *"toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir a participar en la misma."* 3 L.P.R.A. § 2102(j). Sobre la extensión del concepto, hemos resuelto que bajo el palio de la citada ley, *"parte"* es: 1) a quien se dirija la acción; 2) la agencia a quien se le dirige la acción; 3) el interventor; 4) quien haya presentado una petición para revisión o cumplimiento de orden; 5) **quien haya sido designado como tal en el procedimiento**; y 6) **aquél que participó activamente durante el procedimiento administrativo y cuyos derechos y obligaciones puedan verse adversamente afectados por la acción o inacción de la agencia.** *Lugo Rodríguez v. J.P.*, 150 D.P.R. 29 (2000). Una vez determinada persona o entidad adquieren carácter de *"parte"*, la Sec. 4.2 de la LPAU, 3 L.P.R.A. § 2172, y la Regla 39 de este Tribunal, *supra*, establecen que todo recurso que se presente ante nos se notificará a los abogados de éstas, o a las partes mismas si no tuvieren abogado, y que ello se hará constar en el escrito que se presenta. Incumplir con este requisito dentro del término dispuesto para presentar el recurso conlleva la desestimación del recurso por falta de jurisdicción. *Véase Montañez v. Policía de P.R.*, 150 D.P.R. 917 (2000); *Constructora Meléndez v. Autoridad de Carreteras*, 146 D.P.R. 743 (1998).

El 17 de septiembre de 2007, Property Rental presentó una moción solicitando la desestimación del presente recurso. Señaló que el Ing. Camilo Almeyda Eurite realizó la presentación de la solicitud de consulta; contestó preguntas de las personas que acudieron a la vista y de la Oficial Examinadora que presidió el procedimiento. Indicó, además, que a la página 48 del Informe de Vista Pública sometido por la Oficial Examinadora (Apéndice de los recurrentes, pág. 216, en adelante Ap. pág. 216), suscrito por la Lcda. María Cruz Román, se indicó el nombre de aquellos que *"Conforme a Lugo Rodríguez v. Junta de Planificación,* **2000 JTS 15***, se identifican como partes en el procedimiento"*. Entre los así identificados está el Ing. Camilo Almeyda Eurite. El listado de notificación hace claro que la Junta de Planificación **consideró al Ing. Almeyda como una parte en los procesos, a ser notificado en adición al dueño de la obra, Property Rental.** Al dueño de la obra se le notificó a través de su representación legal, Lcdo. Luis Juarbe Jiménez. No obstante, el Ing. Almeyda no fue notificado de la moción de reconsideración **[9]** ni de la presentación del recurso de revisión. Aduce que la falta de notificación al Ing. Camilo Almeyda Eurite, de la firma de ingenieros Almeyda y Almeyda, priva al Tribunal de Apelaciones de jurisdicción para entrar a los méritos del recurso.

El 27 de septiembre de 2007, los recurrentes, *supra*, presentaron su Oposición a Desestimación. Alegan que el Ing. Almeyda actuó en representación de los intereses de Property Rental. Para dicho propósito incluyeron copia de una carta fechada 9 de marzo de 2004, dirigida a la Junta de Planificación y suscrita por el Sr. Adrián Stella, presidente de Property Rental & Investment Corp. Mediante la misma se autoriza al Ing. Camilo Almeyda Eurite a gestionar cualquier trámite necesario para la consulta de ubicación del proyecto *"Ocean Reef at Dorado"*. Además, indica que se presentó a la Junta una resolución corporativa fechada 17 de febrero de 2005 mediante la cual se autorizó al Ing. Camilo Almeyda a entender en los trámites de la consulta. La parte recurrente alega que bajo *Lugo Rodríguez v. JP, supra*, la notificación de la resolución a una persona no significa que ésta es una persona que tenga que notificarse bajo LPAU, ya que la agencia puede hacer notificaciones de cortesía.

El Ing. Camilo Almeyda Eurite, ingeniero licenciado, de la firma de ingenieros Almeyda y Almeyda, tuvo una extensa participación en el proyecto *"Ocean Reef at Dorado"*, llenando la función que usualmente se conoce como proyectista encargado de la permisología. De las resoluciones recurridas y del Informe de Vista por la Oficial Examinadora se desprende que **dicha participación no se limitó a gestiones previo a la vista, para cuyo propósito se emitieron la carta de 9 de marzo de 2004, *supra*, y la resolución corporativa de 17 de febrero de 2005**. El Ing. Almeyda también participó activamente durante la vista celebrada los días 17 de febrero, 18 de abril, 11 de julio y 11 de septiembre de 2006. Su participación fue en adición a la del representante legal de Property Rental & Investments Corp., Lcdo. Luis Juarbe Jiménez. Del expediente no surge que el Ing. Almeyda tenga una participación propietaria significativa en Property Rental, ni que sea un empleado de Property Rental.

En los proyectos de construcción de cierta magnitud, como el de Ocean Reef at Dorado, el cual envuelve la construcción de sesenta y seis (66) apartamentos, la función del dueño del proyecto, aquí Property Rental, es diferente de la del proyectista o encargado de la obtención del grupo de permisos. El dueño del proyecto, a través de sus empleados, suele seleccionar y supervisar un grupo de firmas de profesionales, o profesionales individuales, con peritaje particular en diferentes fases del proyecto, tales como el financiamiento del proyecto, el diseño estético-funcional, el diseño estructural, la gerencia del cumplimiento con la reglamentación pertinente, la construcción, la supervisión de la construcción, el mercadeo de las unidades terminadas, la representación legal y redacción de documentos legales, etc. Es una decisión de la firma dueña del proyecto, las cuales realiza utilizando sus empleados y para las cuales funciones utiliza firmas o profesionales independientes. El dueño del proyecto es el titular del inmueble durante el período de desarrollo hasta su eventual venta y, además, disfruta el beneficio de la ganancia o absorbe la pérdida, una vez el proyecto se concluye.

Nos es evidente que la reputación profesional o comercial de la persona o firma encargada de la permisología, sea ingeniero, abogado, o mero especialista en tramitar permisos, se impacta favorablemente o desfavorablemente dependiendo de si el proyecto es aprobado o rechazado por la Junta, de si se revocan los permisos mediante recursos en alzada, etc. Aquella firma o profesional que logra que los proyectos en los que participa se aprueben incrementa o mejora su probabilidad de ser solicitada su participación en otros proyectos futuros y que los dueños de los proyectos estén dispuestos a pagar buenos honorarios por sus servicios. O sea, mejora su reputación profesional y sus servicios son mejor cotizados. Por lo tanto, dicha firma tiene un interés directo en que el proyecto no vaya a fracasar en el aspecto de permisología, por lo que frecuentemente participa activamente en los procesos de vistas, defendiendo el cumplimiento del proyecto con la reglamentación aplicable. Dicha firma puede tener mayor familiaridad que el representante legal del dueño del proyecto, respecto a lo incluido en los formularios requeridos por las agencias y el fundamento para lo aseverado u omitido en los documentos sometidos a las agencias.

Examinada la participación del Ing. Camilo Almeyda Eurite, de la firma de ingenieros Almeyda y Almeyda, en las vistas respecto el proyecto al *"Ocean Reef at Dorado"*, concluimos que éste llena el requisito de ser una persona **que participa activamente durante el procedimiento administrativo y cuyos derechos y obligaciones puedan verse adversamente afectados por la acción o inacción de la agencia.** *Ocean View v. Reina del Mar, supra; Lugo Rodríguez v. JP, supra.*

Además de lo anterior, observamos que el Ing. Almeyda fue designado *"parte en el procedimiento"* en el *"Informe de Vista Pública"* fechado 9 de enero de 2007, suscrito por la Lcda. María Cruz Román (Ap. pág. 216). Además, fue expresamente designado como parte y se incluyó su dirección en la sección de notificación de las resoluciones de la Junta de Planificación de 18 de enero y 3 de abril de 2007. Véase que el formato de notificación utilizado por la Junta de Planificación en las dos resoluciones provee una clara distinción entre quienes son partes en el procedimiento y a quiénes se le está proveyendo *"notificación de cortesía"*. **[10]** Resolvemos, que el Ing. Camilo Almeyda Eurite era una parte que tenía que ser notificada del recurso de revisión. *Ocean View v. Reina del Mar, supra; Lugo Rodríguez v. J.P., supra; S*ecs. 3.14 y 4.2 de la LPAU, 3 L. P.R.A. § 2164 y § 2172.

En *Szendrey v. F. Castillo*, 169 DPR \_\_\_, **2007 JTS 12**, el Tribunal Supremo reiteró la norma sobre la obligación del Tribunal de Apelaciones de auscultar su propia jurisdicción previo a considerar los méritos de un recurso y el impacto de falta de jurisdicción como sigue:

*"Consistentemente hemos advertido que los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen. Lugo Rodríguez v. Suárez Camejo, supra; Morán Ríos v. Marti Bardisona, res. 5 de agosto de 2005, 165 D.P.R. \_\_\_, 2005 J.T.S. 116. Lo anterior nos ha llevado a concluir que las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y como*

*tal deben atenderse y resolverse con preferencia a cualesquiera otras. Íd.; Autoridad sobre Hogares v. Sagastivelza, 71 D.P.R. 436 (1950). En cumplimiento con este deber, nuestros tribunales deben tener presente que "[u]na sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente." Montañez Rivera v. Policía, 150 D.P.R. 917, 921 (2000).*

La falta de jurisdicción de un tribunal no es susceptible de ser subsanada. *Souffront Cordero v. A.A.A.*, res. 21 de abril de 2005, 163 D.P.R. ___, **2005 J.T.S. 56,** y casos allí citados. En consideración de lo anterior, le corresponde a los foros adjudicativos examinar su propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. Más aún, los tribunales tienen el deber ministerial, una vez cuestionada su jurisdicción, de examinar y evaluar rigurosamente el planteamiento jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.* **Una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo** conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Íd.* (Énfasis suplido.)

En tanto los recurrentes no notificaron el recurso de revisión al Ing. Camilo Almeyda Eurite, éstos no cumplieron con un requisito de índole jurisdiccional, por lo que no tenemos jurisdicción para considerar los señalamientos de error presentados en el recurso.

### III

Por las consideraciones antes expuestas, se *desestima* el recurso solicitando la revisión judicial de las resoluciones de la Junta de Planificación que aprobaron la consulta Núm. 2004-11-0270-JPU.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2008 DTA 111

1. Nota: En la primera de las listas hemos subrayado el nombre de aquellos identificados como parte por la Junta de Planificación, según indica la orden de notificación de cada una de las dos resoluciones emitidas por la Junta, quienes no constan como parte recurrente ni fueron incluidos en la lista de recurridos notificados del escrito *"Solicitud de Revisión"*.

2. La moción solicitando desestimación no discute si era requerido notificar a la Lcda. Porrata Doria ni a Dorado del Mar Homeowners Association, Inc. Por lo tanto, en la discusión a continuación nos limitamos a examinar la falta de notificación al Ing. Almeyda, la cual de por sí es suficiente para conllevar la desestimación del recurso.

3. La Ley Núm. 331 de 16 de septiembre de 2004 enmendó varias secciones de LPAU, entre otras, la Sec. 4.2, *supra*. No obstante, en cuanto al párrafo citado la enmienda se limitó a sustituir Tribunal de Apelaciones en lugar del Tribunal de Circuito de Apelaciones. Por lo tanto, el párrafo citado no ha sufrido enmiendas sustantivas desde que se emitió la opinión en *Lugo Rodríguez v. J.P.*, 150 D.P.R. 29 (2000).

4. Reglamento Núm. 5244 de 31 de mayo de 1995.

5. D. Fernández Quiñones, *Derecho Administrativo y Ley Uniforme de Procedimiento Administrativo*, Ed. Forum, 1993, pág. 161.

6. Es doctrina establecida que el *amicus curiae* no puede convertirse en una parte del litigio. *Hernández Torres v. Hernández Colón et al.*, 127 D.P.R. 974, 977 (1991).

7. Véase, además, *Ortiz v. A.R.P.E.*, 146 D.P.R. 720 (1998).

**8.** Véase, además, *Comisión de Ciudadanos al Rescate de Caimito, Inc., v. G.P. Real Property*, 174 DPR ____, **2008 JTS 125**.

**9.** Por consideraciones similares a las que discutimos en la presente resolución, la falta de la notificación de la solicitud de reconsideración también conlleva la falta de jurisdicción, ya que en tal caso el término par presentar el recurso de revisión comienza a decursar desde la notificación de la resolución original, o sea, desde el 22 de enero de 2007. En tanto el recurso fue presentado en fecha posterior el 21 de febrero de 2007, carecemos de jurisdicción para considerarlo por razón de ser tardío.

**10.** Las resoluciones de la Junta de Planificación que aquí nos conciernen fueron emitidas previo a la opinión *Junta de Directores v. P. D. C. M.*, **2008 JTS 75**, en la cual el Tribunal Supremo elaboró la distinción entre *"parte"* para propósito de tener derecho a participar en el proceso administrativo, y *"parte"* para fines de notificación de un recurso de revisión judicial.