Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Héctor A. Colón Rodríguez, Kattia L. Ayala Alicea, por sí y en representación de la Soc. Legal de Gananciales por ellos compuesta<br><br>Apelante<br><br>vs.<br><br>Mari C. Rodríguez Ruíz<br><br>Apelada | KLAN202400427 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2024CV00906<br><br>Sobre:<br><br>Nulidad de Sentencia |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de mayo de 2024.

Comparecen ante nos, el señor Héctor A. Colón Rodríguez (Sr. Colón Rodríguez) y la señora Kattia L. Ayala Alicea (Sra. Ayala Alicea), por sí y en representación de la Sociedad de Gananciales por ellos compuesta (en conjunto, apelantes), quienes presentan recurso de apelación en el que solicitan la revocación de la "Sentencia" dictada el 4 de abril de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el foro primario desestimó el relevo de sentencia presentado por los apelantes, por falta de jurisdicción.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen mediante los fundamentos que expondremos a continuación.

---

[1] Notificada el 5 de abril de 2024.

Número Identificador

SEN2024 _____

**I.**

Mediante "Sentencia" emitida el 16 de diciembre de 2015,[2] se declaró roto y disuelto el matrimonio habido entre el Sr. Colón Rodríguez y la señora Mari Carmen Rodríguez Ruíz (Sra. Rodríguez Ruíz o apelada). A su vez, se estableció una pensión excónyuge en favor de la Sra. Rodríguez Ruíz.

Así las cosas, el 19 de octubre de 2017, el Sr. Colón Rodríguez presentó una "Solicitud de Revisión de Pensión Excónyuge" y, entre otras cosas, informó que sus ingresos se redujeron en casi un 50%, dado a que sus gastos aumentaron tras contraer nuevas nupcias. Por ello, solicitó se celebrase una vista de revisión con el propósito de que se modifique la pensión excónyuge inicialmente establecida.

Acorde lo anterior, el Tribunal de Primera Instancia celebró una vista a la cual comparecieron ambas partes representadas por sus respectivos abogados. Aquilata la prueba presentada, el 12 de julio de 2018,[3] el foro recurrido emitió una "Resolución y Orden" en el caso D DI2014-2041, y declaró Ha Lugar la "Solicitud de Revisión de Pensión Excónyuge" presentada por el Sr. Colón Rodríguez. De esta forma, se estableció una pensión prospectiva de $1,850.43 mensual, más el pago de la hipoteca hasta que se venda la propiedad ganancial. Vendida la propiedad, la pensión sería modificada a $2,405.84 mensuales.

Tiempo después, el 16 de febrero de 2024, los apelantes presentaron el caso civil BY2024CV00906, y solicitaron un relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, *infra.* En esencia, los apelantes alegaron que la "Resolución y Orden" emitida en el caso D DI2014-2041 es nula *ab initio*, por falta de parte indispensable. En términos generales, expusieron

---

[2] Notificada el 22 de diciembre de 2015.
[3] Reducida a escrito el 23 de julio de 2018, y notificada el 30 de julio de 2018.

que el pago de la pensión ex cónyuge disminuye el patrimonio de la Sra. Ayala Alicea y la Sociedad de Gananciales, y éstos nunca fueron incluidos en el pleito para defender sus intereses.

Habiéndosele anotado la rebeldía a la Sra. Rodríguez Ruíz,[4] el 2 de abril de 2024, el Sr. Colón Rodríguez solicitó se dictase sentencia en rebeldía. Por su parte, el 4 de abril de 2024, la apelada solicitó se dejase sin efecto la anotación de rebeldía.[5]

En igual fecha, entiéndase, el 4 de abril de 2024,[6] el Tribunal de Primera Instancia emitió una "Sentencia" en el caso BY2024CV00906. En ésta, dejó sin efecto la anotación de rebeldía a la Sra. Rodríguez Ruíz y, además, determinó que carecía de jurisdicción para atender la nulidad de una sentencia emitida por el tribunal de familia y menores.

Insatisfechos, los apelantes recurren ante esta segunda instancia judicial, y señalan la comisión de los siguientes errores, a saber:

*Primer Error:*

*Erró el Tribunal de Instancia al declararse sin jurisdicción para* [atender] *una acción independiente de nulidad de sentencia al amparo de la Regla 49.2 (B) cometiendo grave error en la aplicación de derecho vigente sobre dicha causa de acción.*

*Segundo Error:*

*Erró el Tribunal de Primera Instancia al no haber declarado con lugar la nulidad de la sentencia ante el incontrovertible hecho de adolecer tal sentencia del defecto de haber sido dictada en ausencia de dos partes indispensables y por lo tanto ser nula ab initio.*

## II.

### -A-

El mecanismo de acumulación de parte indispensable está regulado por la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R.16.1, la cual establece que "[l]as personas que tengan un interés

---

[4] Véase, "Orden" emitida y notificada el 1 de abril de 2024; apéndice pág. 24.
[5] Véase, "Asumiendo Representación Legal y Solicitando se deje sin efecto Anotación de Rebeldía"; apéndice págs. 32-34.
[6] Notificada el 5 de abril de 2024.

común sin cuya presencia no puede adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda". El "interés común" al que hace referencia la precitada regla, no se refiere a cualquier interés que una parte pueda tener en el pleito, sino a "un interés real e inmediato, no especulativo ni a futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente". *RPR & BJJ, Ex Parte*, 207 DPR 389, 408 (2021).

La doctrina sostiene que una parte indispensable es "aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada, estando esta persona ausente del litigio". J.A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, San Juan, Pubs. JTS, 2000, T. I, pág. 371. En otras palabras, es aquella parte de la cual no se puede prescindir, pues, de lo contrario, las cuestiones litigiosas no pueden adjudicarse correctamente, ya que su presencia es indispensable para conceder un remedio final y completo sin afectarlo. *López García v. López García*, 200 DPR 50, 63 (2018).

Ahora bien, "[l]a omisión de incluir a una parte indispensable incide sobre el debido proceso de ley que cobija al ausente". *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 511 (2015). Por tanto, el mecanismo establecido en la Regla 16.1 de Procedimiento Civil, *supra*, parte de dos principios fundamentales: (1) garantizar la protección constitucional de que una persona no sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el decreto judicial emitido sea completo. *López García v. López García, supra*, a la pág. 64.

Es por esto que nuestro Tribunal Supremo ha expresado que, "[a]nte la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la controversia". *Bonilla*

*Ramos v. Dávila Medina*, 185 DPR 667, 677-678 (2012). Al incidir tal ausencia sobre la jurisdicción del tribunal, deberá entonces desestimarse la acción. *Íd.*, a la pág. 678. A tenor, la falta de parte indispensable constituye una defensa irrenunciable, la cual puede presentarse en cualquier etapa del litigio, incluso en la apelativa. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007). En consecuencia, los tribunales apelativos deben levantar *motu proprio* la falta de parte indispensable, debido a que ésta incide sobre su jurisdicción. *Íd.*, a las págs. 223-224. No obstante, dicha desestimación no tiene el efecto de una adjudicación en los méritos ni de cosa juzgada. *Íd.*, a la pág. 224.

Adicionalmente, nuestro Alto Foro ha expresado que la interpretación de la Regla 16.1 de Procedimiento Civil, *supra*, requiere de un enfoque pragmático. *Romero v. S.L.G. Reyes*, 164 DPR 721, 732 (2005). Es decir, su aplicación no depende de una fórmula rígida, sino que "[l]a determinación de si debe acumularse a una parte en un pleito depende de los hechos específicos de cada caso". *López García v. López García, supra*, a la pág. 65. Por consiguiente, los tribunales tienen el deber de realizar un análisis sobre los derechos de las partes que no estén presentes y de las circunstancias particulares del pleito: el tiempo, el lugar, las alegaciones, la prueba y las clases de derechos e intereses en conflicto. *Colón Negrón et al. v. Mun. Bayamón, supra*, a las págs. 511-512.

**-B-**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece un mecanismo post sentencia por el cual una parte puede solicitar el relevo de los efectos de una sentencia, siempre y cuando esté presente alguno de los fundamentos allí expuestos. *Pérez Ríos et al. v. CPE*, 2023 TSPR 136. En términos literales, la antedicha regla lee como sigue:

*Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:*

> *(a) error, inadvertencia, sorpresa o negligencia excusable;*
>
> *(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*
>
> *(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;*
>
> *(d) **nulidad de la sentencia**;*
>
> *(e) la sentecia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o*
>
> *(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

*Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:*

> *(1) **conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia**, **una orden o un procedimiento**;*
>
> *(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y*
>
> *(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.*

(Énfasis nuestro).

Para conceder un remedio bajo esta regla, el tribunal debe considerar dos aspectos importantes. Primero, que la solicitud esté fundamentada en una de las causales que dispone la regla. Segundo, evaluar las circunstancias específicas del caso, y determinar si existen razones que justifiquen la concesión del remedio. *García Colón et al. v. Sucn. González*, 178 DPR 527, 540 (2010).

Por tanto, y como norma general, la determinación de conceder o no el relevo de sentencia es una decisión discrecional. *Íd.* Sin embargo, cuando el relevo se fundamenta en el inciso (d) o (e) de la Regla 49.2 de Procedimiento Civil, *supra*, no hay margen de discreción para dejar sin efecto la sentencia. *Íd.*, a la págs. 540 y 543. En otras palabras, si la sentencia es nula o ha sido satisfecha, no es necesario considerar los méritos que pueda tener la defensa o reclamación del perjudicado; el tribunal está obligado de conceder el relevo. *Íd.*, a la pág. 543; *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 922 (2000).

Respecto al cuarto fundamento – nulidad de sentencia – nuestro Alto Foro ha expresado que, aun cuando la Regla 49.2 de Procedimiento Civil, *supra*, provee que la moción de relevo tiene que presentarse dentro de los seis (6) meses desde que se registró la sentencia, este término es inoperante ante una sentencia nula. *Pérez Ríos et al. v. CPE, supra*.

Al respecto, y en lo que nos concierne, nuestra Alta Curia ha expresado que:

> *[A]un después de transcurrido el referido término de seis meses, la propia regla reconoce el poder de un tribunal para conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; conceder un remedio a una parte que en realidad no hubiese sido emplazada, y dejar sin efecto una sentencia por motivo de fraude al tribunal. Rivera v. Jaume*, 157 DPR 562, 573-574 (2002).

(Citas Omitidas) (Énfasis Provisto).

Generalmente, el ejercicio de esta acción independiente se admite cuando la sentencia es nula, ya que ésta es inexistente. *Figueroa v. Banco de San Juan*, 108 DPR 680, 689 (1979). Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando se ha quebrantado el debido proceso de ley. *García Colón et al. v. Sucn. González*, *supra*, a la pág. 543. **Por ende**, **independientemente de que haya transcurrido el término de**

**seis (6) meses dispuesto en la Regla 49.2 de Procedimiento Civil**, *supra*, **el peticionario de un relevo de sentencia posee derecho a incoar un pleito independiente para que se decrete la nulidad de la sentencia impugnada**.  *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 245 (1996) (se resuelve que "el peticionario tenía derecho a incoar una acción independiente de nulidad de sentencia").  Lo anterior, debido a que el tribunal tiene la facultad inherente, ya sea *muto proprio* o a instancia de parte, para dejar sin efecto en cualquier momento una sentencia nula. *Figueroa v. Banco de San Juan, supra,* a la pág. 688.

No obstante, el reconocimiento de esta acción no constituye una llave maestra para dejar sin efecto sentencias válidamente dictadas, ni sustituye los recursos de apelación o reconsideración. *García Colón et al. v. Sucn. González, supra,* a la pág. 540.  Sino que, la reserva de este derecho – derecho a la acción independiente – está predicado en la justicia fundamental de la reclamación. *Rivera v. Jaume, supra,* a la pág. 574.

## III.

Toda vez que los señalamientos de error presentados por los apelantes se encuentran íntimamente relacionados, procedemos a discutirlos conjuntamente.

En el presente caso, el Tribunal de Primera Instancia emitió una "Sentencia" mediante la cual concluyó que carecía de jurisdicción para atender el relevo de sentencia presentado por los apelantes.  Fundamentó su determinación en que "este tribunal carece de jurisdicción para atender la nulidad de una sentencia emitida por el Tribunal de Familia y Menores".[7]

En su escrito, los apelantes cuestionan esta determinación por entender que el foro recurrido poseía jurisdicción para atender la acción independiente de nulidad de sentencia, al amparo de la

---

[7] Véase, apéndice pág. 42.

Regla 49.2 de Procedimiento Civil, *supra*. Su contención es que "el relevo de sentencia por nulidad concede, al que se ve afectado por los efectos de dicha sentencia nula, que escoja el Foro ante el cual solicitaría su nulidad".[8] A esos efectos, argumenta que:

> *[E]xisten, como cuestión de derecho[,] dos escenarios posibles para dicha reclamación: (1) que el reclamo se haga ante el Tribunal, caso y sala en que la sentencia, resolución u orden fue dictada o; (2) en un pleito independiente. Esta determinación le corresponde a la parte afectada por la sentencia y que solicita la nulidad exclusivamente y la Regla provee para que así se realice por el Tribunal.[9]*

(Énfasis en el original).

Tras un análisis de la Regla 49.2 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa, coincidimos con la postura de los apelantes. Veamos.

Según revela el trámite procesal discutido, la "Resolución y Orden" cuya nulidad se ha solicitado fue emitida el 12 de julio de 2018.[10] No fue hasta el 16 de febrero de 2024 que los apelantes presentaron el caso civil BY2024CV00906, y solicitaron el relevo de sentencia. Evidentemente, la solicitud se hizo transcurridos los seis (6) meses que dispone la Regla 49.2 de Procedimiento Civil, *supra*. No obstante, lo apelantes aducen, como fundamento para sustentar su pedido, que la "Resolución y Orden" es nula *ab initio*, ya que el foro *a quo* no tenía jurisdicción para emitir el dictamen, por falta de parte indispensable. Ante este cuadro, el término de seis (6) meses es inoperante, y el tribunal poseía la facultad para atender el relevo de sentencia.

Dicho esto, hemos analizado las alegaciones de la demanda por nulidad de sentencia presentada por los apelantes, y notamos que en ésta se hacen señalamientos específicos a los efectos de que el tribunal nunca adquirió jurisdicción sobre la Sra. Ayala Alicea y

---

[8] Véase, recurso pág. 8.
[9] Véase, recurso págs. 8-9.
[10] Reducida a escrito el 23 de julio de 2018, y notificada el 30 de julio de 2018.

la Sociedad de Gananciales compuesta por ambos apelantes, quienes, según se alega, eran partes indispensables en el caso D DI2014-2041. En vista de ello, concluimos que la causa de acción puede catalogarse correctamente como una de relevo de sentencia por el fundamento de falta de jurisdicción.

Recordemos que, en ausencia de parte indispensable, el tribunal carece de jurisdicción sobre la persona. Además, la omisión de una parte indispensable al pleito acarrea una violación al debido proceso de ley que le cobija. Es indubitado, pues, que el mecanismo procesal de relevo de sentencia se justifica por razón de nulidad de la sentencia para cuestionar la determinación del foro sentenciador.

La propia Regla 49.2 de Procedimiento Civil, *supra*, es clara en cuanto a que **ella no limita el poder del tribunal para conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia**, **una orden o un procedimiento**. **A su vez**, **la jurisprudencia reconoce el poder del tribunal para conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia**. **Por tanto**, **los apelantes tienen derecho a incoar una acción independiente de nulidad de sentencia**, **tal y como lo hicieron en el presente caso**. No puede el tribunal negarse a atender la solicitud presentada en el caso civil BY2024CV00906, por alegada falta de jurisdicción, máxime cuando es éste quien posee la facultad inherente para dejar sin efecto una sentencia nula.

Siendo ello así, determinamos que el Tribunal de Primera Instancia erró al desestimar la reclamación. Habiendo concluido de tal manera, le compete al foro primario determinar si la Sra. Ayala Alicea y la Sociedad de Gananciales compuesta por los apelantes, conforme a los hechos particulares del caso de autos, son partes indispensables en el caso DI2014-2041. Sólo después

de ese análisis podrá determinarse si la moción de relevo de sentencia, según el fundamento de nulidad de sentencia, debe concederse o no.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, revocamos la "Sentencia" apelada, emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Se devuelve el caso al foro primario, para que determine si la Sra. Kattia L. Ayala Alicea y la Sociedad de Gananciales compuesta por los apelantes, son partes indispensables en el caso DI2014-2041.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones