SUSANA NEGRÓN DE VEGA, querellante y recurrida, *v.* DEPARTMENTO DE SERVICIOS SOCIALES; ESTADO LIBRE ASOCIADO DE PUERTO RICO, querellado y peticionario.

*Número:* O-76-466 *Resuelto:* 31 de marzo de 1977

*Roberto Armstrong, Jr., Procurador General Interino; Maggie Correa Avilés, Procuradora General Auxiliar,* abogados del peticionario; *Mora & Cangiano,* abogados de la recurrida.

PER CURIAM: Instada una querella contra el Departamento de Servicios Sociales y el Estado Libre Asociado en que se reclamó por horas trabajadas por una empleada de dicho Departamento en exceso de la jornada regular de ocho horas, y en que se siguió el procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 a 3132, se notificó la querella y la orden a tal efecto expedida por el tribunal, mediante entrega personal al Secretario del Departamento. No se notificó al Secretario de Justicia. Este compareció mediante escrito en que impugnó la jurisdicción sobre el Estado y solicitó por tal motivo, y por alegada falta de causa de acción, que se desestimara la querella. Contra la denegatoria del tribunal de instancia ha recurrido ante nos la parte querellada.

El 24 de noviembre de 1976 emitimos resolución en que requerimos de la parte querellante recurrida que mostrara causa por la cual no debíamos expedir el auto de certiorari solicitado por la parte recurrente, dejar sin efecto la resolución del tribunal de instancia y ordenar la desestimación de la querella. Luego de varias prórrogas compareció la recurrida mediante escrito de 26 de enero de 1977 en que argumenta contra la expedición del auto.

Dos son las cuestiones planteadas, a saber: (1) si adquirió jurisdicción el tribunal sobre el Estado y (2) si la querellante tendría causa de acción para reclamar el pago de 1,760 horas que alega haber trabajado en exceso de la jornada

regular de ocho horas diarias, como empleada del Departamento de Servicios Sociales, durante el período de dos años a que se contrae su querella. No tenemos que resolver la segunda, en esta etapa, por cuanto entendemos que el Estado, que es la parte realmente demandada, no fue válidamente emplazado y cualquier sentencia que recayere en su contra sería ineficaz.

 El Departamento de Servicios Sociales fue creado por la Ley Núm. 171 de 30 de junio de 1968, 3 L.P.R.A. sec. 211 y siguientes, como un departamento ejecutivo del Gobierno. Es parte de la rama ejecutiva, sin personalidad jurídica propia para demandar y ser demandado. En otras palabras, el patrono de la querellante es el Estado, no el Departamento. La inclusión del Departamento como parte querellada o demandada es improcedente por superflua y debe eliminarse.

La Sec. 3 de la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3120, dispone la manera como se emplazará al querellado cuando se emplea el procedimiento sumario establecido por dicha ley. Dice, en su segundo párrafo:

"El alguacil o una persona particular diligenciará la orden del juez. Si no se encontrare al querellado, se diligenciará la orden en la persona que en cualquier forma represente a dicho querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia. Si el querellado no pudiere ser emplazado en la forma antes dispuesta se hará su citación de acuerdo con lo que dispongan las Reglas de Procedimiento Civil para esos casos."

Siendo el patrono querellado el Estado, que obviamente no es el caso contemplado en la segunda oración del párrafo transcrito, es menester recurrir al procedimiento ordinario establecido por las Reglas de Procedimiento Civil para el diligenciamiento de emplazamientos contra el Estado. Dice la Regla 4.4 (f) que en tal caso se hará "entregando copia del emplazamiento y de la demanda al Secretario de Justicia, o a

una persona designada por éste, y cuya designación conste en la Secretaría del Tribunal."

Aun en el supuesto que el Departamento de Servicios Sociales pudiera considerarse "una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no fuere una corporación," que dice la Regla 4.4(g), y que pueda ser demandado, dicha Regla requiere que el diligenciamiento se haga "entregando copia del emplazamiento y de la demanda . . . al jefe ejecutivo de dicha instrumentalidad *y al Secretario de Justicia* o a una persona designada por éste y cuya designación conste en la Secretaría del Tribunal."

En uno u otro caso, aquí no se entregó copia de la demanda y del emplazamiento al Secretario de Justicia. Su comparecencia como abogado del Estado para impugnar precisamente la validez del emplazamiento no cura el defecto. Interpretar que su comparecencia a ese limitado propósito equivale a someterse el Estado a la jurisdicción del tribunal, como lo alega la querellante recurrida, sería un contrasentido. Véase *Franco* v. *Corte*, 71 D.P.R. 686, 689 (1950). Véase, además, *Domínguez Rivera* v. *Tribunal Superior*, 103 D.P.R. 117 (1974).

No obstante lo expuesto, la falta de jurisdicción sobre una parte no es por sí solo motivo para desestimar la querella. El defecto en el diligenciamiento puede ser subsanado mediante la expedición de una nueva orden o emplazamiento y su diligenciamiento conforme a la Regla 4.4(f) antes citada. Eso sería lo procedente en este caso.

*Se expedirá el auto, se dejará sin efecto la resolución del Tribunal Superior, y se autorizará la continuación de los procedimientos de manera consistente con lo aquí expuesto, y sin perjuicio de que se reproduzca ante dicho tribunal, en su oportunidad, la defensa de falta de causa de acción, cuestión sobre la cual nos abstenemos por ahora de pronunciarnos.*