ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| BANCO POPULAR DE PUERTO RICO, Recurrida, v. FIDEL ALONSO VALLS, BARBARA VILA DEL CORRAL y la sociedad legal de bienes gananciales compuesta por ambos, Peticionaria. | TA2026AP00156 | **APELACIÓN acogida como *CERTIORARI*** procedente del Tribunal de Primera Instancia, Región Judicial de Bayamón, Sala Superior de Guaynabo. Civil núm.: GB2025CV00096. Sobre: cobro de dinero-ordinario. |
| --- | --- | --- |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 25 de febrero de 2026.

La parte peticionaria, el señor Fidel Alonso Valls, la señora Barbara Vila Del Corral, y la sociedad legal de bienes gananciales compuesta por ambos (matrimonio Alonso-Vila), instó un recurso de apelación el 13 de febrero de 2026, el cual fue acogido como un *certiorari.* Solicita que dejemos sin efecto la *Sentencia en Rebeldía* dictada el 29 de septiembre de 2025, notificada el 1 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo[1], por entender que fue emitida sin jurisdicción. Aduce que el Banco Popular de Puerto Rico (BPPR) no diligenció los emplazamientos conforme a derecho.

Examinada la solicitud de la parte peticionaria, la oposición de la parte recurrida, así como la determinación judicial cuya revisión se solicita, acordamos **expedir el auto y revocar** el dictamen del foro primario, y **desestimar sin perjuicio** la demanda instada por BPPR.

---

[1] Tomaremos en consideración los recursos y mociones sometidas, y que constan en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), tanto del Tribunal de Primera Instancia (TPI) como de este Tribunal de Apelaciones (TA).

I

El **6 de febrero de 2025**, el BPPR presentó una demanda sobre cobro de dinero contra el matrimonio Alonso-Vila[2]. En esa misma fecha, solicitó la expedición de los emplazamientos personales correspondientes[3], los cuales fueron debidamente expedidos por la Secretaría del Tribunal de Primera Instancia[4].

Transcurridos ciento diecinueve (**119**) días desde la expedición de los emplazamientos personales sin que estos hubiesen sido diligenciados, el **5 de junio de 2025**, el BPPR presentó una solicitud de autorización para emplazar por edicto al matrimonio Alonso-Vila[5], acompañada de la correspondiente declaración jurada del emplazador. De dicha declaración surge que el emplazador realizó múltiples gestiones en la dirección Calle A #13, Villa Caparra, Guaynabo, Puerto Rico, el 1 de abril, 26 de abril, 30 de abril, 9 de mayo y 31 de mayo de 2025, con el propósito de diligenciar el emplazamiento personal[6].

Mediante la resolución emitida el **10 de junio de 2025**, el foro primario declaró **sin lugar la solicitud para emplazar por edicto**. Concluyó que de la declaración jurada sometida no surgían las gestiones realizadas en la dirección "Inst. Banco y Comercio, 1660, Calle Santa Ana, San Juan, Puerto Rico", por lo que ordenó a BPPR efectuar diligencias adicionales dirigidas a localizar al matrimonio Alonso-Vila[7].

En cumplimiento con lo ordenado, el **24 de junio de 2025**, el BPPR presentó una moción acompañada de una declaración jurada suplementaria suscrita por el emplazador el **17 de junio de 2025**[8]. De dicho documento surge que, el **12 de junio de 2025**, a las 2:45 p.m., el

---

[2] Entrada 1 de SUMAC TPI.

[3] Entrada 2 de SUMAC TPI, anejos 1 y 2.

[4] Entradas 3 y 4 de SUMAC TPI.

[5] Entradas 5 de SUMAC TPI.

[6] *Íd.*, anejo 1.

[7] Entrada 6 de SUMAC TPI.

[8] Entrada 7 de SUMAC TPI.

emplazador se personó por vez primera a la dirección: 1660 Calle Santa Ana, San Juan, Puerto Rico.

Así las cosas, el **15 de julio de 2025**, el Tribunal de Primera Instancia emitió la orden, notificada el 18 de julio de 2025, mediante la cual autorizó la expedición del emplazamiento por edicto[9]. Ese mismo 18 de julio de 2025, la Secretaría expidió los edictos correspondientes, y se apercibió al matrimonio Alonso-Vila que, de no presentar alegación responsiva dentro del término de treinta (30) días contados a partir de la publicación del edicto, se procedería a anotar su rebeldía y a dictar sentencia en su contra[10].

Posteriormente, el 28 de agosto de 2025, BPPR presentó una solicitud de anotación de rebeldía y sentencia sin vista[11]. En su moción, expuso que el emplazamiento por edicto había sido publicado el **28 de julio de 2025**, en el periódico *The San Juan Daily Star*[12]. Señaló además que, el 29 de julio de 2025, había remitido copia de la demanda y del emplazamiento por edicto mediante correo certificado con acuse de recibo a las siguientes direcciones: Inst. Banco y Comercio, Inc., 1660 Calle Santa Ana, San Juan, Puerto Rico 00909, y Calle A #13, Villa Caparra, Guaynabo, Puerto Rico 00965[13]. Alegó que, habiendo transcurrido el término de treinta (30) días concedido por el tribunal sin que el matrimonio Alonso-Vila hubiera comparecido o presentado alegación responsiva, procedía la anotación de su rebeldía y la correspondiente sentencia.

En consecuencia, el 29 de septiembre de 2025, el Tribunal de Primera Instancia dictó la *Sentencia en Rebeldía*, notificada el 1 de octubre de 2025, mediante la cual declaró con lugar la demanda presentada por el BPPR y ordenó al matrimonio Alonso-Vila a pagar la suma de cuarenta y nueve mil seiscientos noventa y ocho dólares con veintiún centavos

---

[9] Entrada 8 de SUMAC TPI.

[10] Entrada 9 de SUMAC TPI.

[11] Entrada 10 de SUMAC TPI.

[12] Entrada 10 de SUMAC TPI, anejo 1.

[13] Entrada 10 de SUMAC TPI, anejo 2.

($49,698.21), más los intereses legales de ocho punto cincuenta por ciento (8.50%) anual[14]. El **6 de octubre de 2025**, se publicó el aviso de notificación de sentencia por edicto en el periódico *The San Juan Daily Star*[15].

El **6 de noviembre de 2025**, el matrimonio Alonso-Vila compareció mediante moción de desestimación y alegó que el tribunal carecía de jurisdicción sobre su persona, toda vez que el emplazamiento por edicto fue autorizado sin que se hubiera dado estricto cumplimiento a las Reglas 4.3(c) y 4.6 de Procedimiento Civil. Sostuvo que la parte demandante no había agotado las diligencias razonables para emplazarlos personalmente dentro del término de ciento veinte (120) días, y que las declaraciones juradas presentadas resultaban insuficientes en derecho. Por tanto, solicitó la nulidad del emplazamiento, la desestimación del pleito y la imposición de costas y honorarios[16].

El 17 de noviembre de 2025, el BPPR presentó su oposición a la moción de desestimación[17]. Sostuvo que las diligencias realizadas para emplazar personalmente a los demandados habían sido razonables y suficientes, y que el tribunal había actuado correctamente al autorizar el emplazamiento por edicto. Alegó, además, que la solicitud se presentó oportunamente y que, en consecuencia, la *Sentencia en Rebeldía* había sido dictada válidamente, por lo que procedía declarar sin lugar la solicitud de desestimación.

Examinados los escritos de las partes, el 10 de diciembre de 2025, el foro primario declaró sin lugar la moción de desestimación[18].

El 23 de diciembre de 2025, el matrimonio Alonso-Vila presentó una solicitud de reconsideración al amparo de la Regla 47 de Procedimiento

---

[14] Entrada 11 de SUMAC TPI.

[15] Entrada 13 de SUMAC TPI, anejo 1.

[16] Entrada 16 de SUMAC TPI.

[17] Entrada 19 de SUMAC TPI.

[18] Entrada 23 de SUMAC TPI.

Civil[19]. Reiteró que el tribunal carecía de jurisdicción sobre la persona y que persistían controversias de hecho respecto a las diligencias realizadas por el emplazador, por lo que solicitó la celebración de una vista evidenciaria para dilucidar la validez del emplazamiento. Asimismo, planteó que la demanda carecía de prueba documental que vinculara a los demandados con la deuda reclamada, por lo que procedía dejar sin efecto la *Sentencia en Rebeldía*.

El 8 de enero de 2026, el BPPR presentó su oposición a la solicitud de reconsideración[20]. Sostuvo que el tribunal había actuado correctamente al denegar la desestimación por falta de jurisdicción. Añadió que no procedía la celebración de una vista evidenciaria y que debía declararse no ha lugar la reconsideración.

Atendidos ambos recursos, el 14 de enero de 2026, el Tribunal de Primera Instancia declaró sin lugar la moción de reconsideración[21].

Inconforme con la determinación del foro primario, el 13 de febrero de 2026, el matrimonio Alonso-Vila presentó su recurso ante nos y formuló los siguientes señalamientos de error:

> Erró el honorable Tribunal de Primera Instancia al permitir que la parte demandante realizara gestiones para emplazar personalmente a los demandados fuera del termino [*sic*] de 120 dias [*sic*], prorrogando de esa forma dicho termino en violación [*sic*] al precedente de *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018) y su progenie.
>
> Erró el honorable Tribunal de Primera Instancia al autorizar el emplazamiento por edicto confiando en una declaración [*sic*] jurada que no demostró [*sic*] las gestiones honestas, suficientes y de conformodiad [*sic*] con la jurisprudencia del Tribunal Supremo para que el tribunal pueda autorizar emplazar por edicto.
>
> Erró el honorable Tribunal de Primera Instancia al dictar sentencia en rebeldía [*sic*] tras la parte demandante no haber cumplido con la Regla 4.6(a) de Procedimiento Civilen [*sic*] lo que respecta su obligación en notificar el meplazamiento [*sic*] y la demanda a los demandados "al lugar de su ultima [*sic*] dirección [*sic*] física [*sic*] o postal conocida", cuando surge del expediente judicial que la parte demandante tenia [*sic*] conocimiento de una direccion[sic] de la parte demandada a la que nunca realizó gestiones ni notificó el emplazamiento y

---

[19] Entrada 25 de SUMAC TPI.

[20] Entrada 26 de SUMAC TPI.

[21] Entrada 27 de SUMAC TPI.

demanda de conformidad a la letra clara de la regla 4.6(a) de procedimiento civil.

Erro [*sic*] el Tribunal de Primera Instancia al dictar sentencia en rebeldía [*sic*] sin la celebración [*sic*] de una vista de conformidad con la regla 45.2 de Procedimiento Civil con el propósito [*sic*] de fijar el estado de la cuenta y veracidad de la reclamación [*sic*].

(Énfasis omitido).

Conforme le fuera ordenado, el 23 de febrero de 2025, el BPPR presentó su oposición a la expedición del auto de *certiorari* y sostuvo que el Tribunal de Primera Instancia había actuado correctamente al denegar la solicitud de desestimación y autorizar el emplazamiento por edicto. Argumentó que la solicitud para emplazar por edicto fue presentada oportunamente, antes del vencimiento del término de ciento veinte (120) días dispuesto en la Regla 4.3(c) de Procedimiento Civil, y que el foro primario tenía discreción para requerir diligencias adicionales, sin que ello constituyera una prórroga indebida en contravención a lo resuelto en *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018). Señaló, además, que las diligencias realizadas fueron suficientes y adecuadamente acreditadas mediante declaraciones juradas, que la jurisprudencia posterior reconoce la facultad judicial de evaluar su suficiencia, y que no procede la desestimación automática cuando el emplazamiento se diligencia dentro del término legal.

También, arguyó que había cumplido con los requisitos de publicación y notificación a las últimas direcciones conocidas conforme a la Regla 4.6 de Procedimiento Civil, que la *Sentencia en Rebeldía* fue correctamente dictada al tratarse de una suma líquida, sin que fuera necesaria la celebración de una vista, y que tampoco procedía el relevo de la sentencia al no configurarse ninguno de los fundamentos contemplados en la Regla 49.2 de Procedimiento Civil. En consecuencia, solicitó que este Tribunal se abstuviera de expedir el auto de *certiorari* por no concurrir ninguno de los criterios reglamentarios para su concesión.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos.

## II

### A

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

     A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

     B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

     C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

     D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

     E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

     F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

     G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 63, 215 DPR ___ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier

norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

B

El emplazamiento constituye el mecanismo procesal mediante el cual el tribunal adquiere jurisdicción sobre la persona del demandado, de modo que este quede sujeto al dictamen que eventualmente emita el foro judicial. *Torres Zayas v. Montano Gómez, et als.,* 199 DPR 458, 467 (2017). No es sino hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede considerarse propiamente parte en el pleito. Hasta entonces, aun cuando figure en el epígrafe de la demanda, ostenta únicamente la condición de parte nominal. *Íd.*

En nuestro ordenamiento, la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, regula todo lo relativo al emplazamiento. En el caso de autos, la controversia se circunscribe al término dispuesto para su diligenciamiento. En específico, la Regla 4.3(c) de las de Procedimiento Civil establece lo siguiente:

> **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

32 LPRA Ap. V. (Énfasis nuestro).

El Tribunal Supremo ha aclarado que el tiempo que la Secretaría se retrase en expedir los emplazamientos se añadirá al término para diligenciarlos. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018). **No obstante, ese tiempo adicional no constituye una prórroga, ni confiere discreción al tribunal para extender el término más allá de lo expresamente dispuesto en la Regla 4.3(c)**. *Íd.* Asimismo, ha reiterado

que el término de ciento veinte (120) días comienza a transcurrir una vez se expiden los emplazamientos, pues antes de ello no existe nada que diligenciar. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 388 y 390 (2021).

De manera excepcional, cuando el emplazamiento personal no puede efectuarse, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, autoriza el emplazamiento por edicto. Este procede cuando la persona a ser emplazada se encuentra fuera de Puerto Rico o, estando en la jurisdicción**, no puede ser localizada tras las diligencias pertinentes**, o se oculta para evitar ser emplazada, entre otros supuestos allí contemplados. Según dispone la regla, para que el tribunal autorice este mecanismo, **es indispensable la presentación de una declaración jurada que detalle las diligencias efectuadas para localizar al demandado**. Además, debe surgir de dicha declaración, o de la demanda, que existe una reclamación que justifica la concesión de algún remedio.

De la Regla 4.6 de Procedimiento Civil se desprende que, cuando la persona se encuentra en Puerto Rico, la parte interesada debe acreditar que ha sido diligente en sus esfuerzos por localizar al demandado para emplazarlo personalmente y que, pese a tales gestiones, no logró ubicarlo. *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 507, 513 (1993); J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2ª ed. rev., Publicaciones JTS, 2011, pág. 356. Para colocar al tribunal en posición de evaluar dicha diligencia, el emplazador debe presentar una declaración jurada que contenga hechos específicos que demuestren las gestiones efectivas realizadas y que evidencien que se agotaron todas las posibilidades razonablemente disponibles para localizar al demandado. Cuevas Segarra, *op. cit.*, págs. 353, 356.

El Tribunal Supremo ha reiterado que la razonabilidad de las diligencias dependerá de las circunstancias particulares de cada caso y que su suficiencia se medirá tomando en consideración todos los recursos razonablemente accesibles al demandante. El tribunal deberá examinar si,

a la luz de las circunstancias concretas, las gestiones practicadas agotaron toda posibilidad razonable disponible para localizar al demandado. *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR, a la pág. 513 y 515. En ese contexto, la declaración jurada no puede consistir en meras generalidades ni afirmaciones conclusorias; debe contener hechos específicos, detallar fechas, personas contactadas y direcciones investigadas, de forma tal que el tribunal pueda aquilatar la suficiencia de las diligencias realizadas. *Íd.* Solo cuando se demuestra fehacientemente que se han llevado a cabo tales gestiones podrá autorizarse el emplazamiento por edicto. *Íd.,* a la pág. 513.

En *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 993-994 (2020), el Tribunal Supremo resolvió que **la solicitud de emplazamiento por edicto debe presentarse antes de que venza el término para diligenciar el emplazamiento personal** y que, **una vez acreditadas las diligencias realizadas en el término dispuesto, podrá autorizarse dicho mecanismo**. Además, determinó que, una vez se expide el emplazamiento por edicto, comienza a transcurrir un nuevo término improrrogable de ciento veinte (120) días para su diligenciamiento. Véase, además, *Bernier González v. Rodríguez Becerra*, 200 DPR, a la pág. 650. De ello se desprende que **la acreditación adecuada de las diligencias realizadas dentro del término de ciento veinte (120) días constituye el presupuesto indispensable para que el tribunal pueda acoger la solicitud**.

Por su parte, la Regla 4.7 de Procedimiento Civil regula la prueba del diligenciamiento del emplazamiento y dispone que la persona que lo diligencie deberá presentar ante el tribunal la constancia correspondiente dentro del plazo concedido para comparecer. Si el diligenciamiento lo realiza un alguacil o alguacila, bastará su certificación; si lo efectúa una persona particular, será necesaria su declaración jurada. 32 LPRA Ap. V.

El propósito de esta disposición no es propiciar ataques formales al emplazamiento cuando este fue efectivamente realizado, sino evitar que

una parte debidamente emplazada impugne su validez por el mero tecnicismo de que no conste formalmente el diligenciamiento. *Reyes v. Oriental Federal Savings Bank,* 133 DPR 15, 26 (1993). Así, la prueba del diligenciamiento constituye la constancia formal de que el emplazamiento y la entrega de la demanda se efectuaron en la fecha consignada y de que la persona emplazada quedó debidamente notificada, permitiendo al tribunal adquirir jurisdicción sobre su persona.

El Tribunal Supremo ha enfatizado que, **cuando el emplazamiento ha sido diligenciado dentro del término correspondiente**, **la existencia de defectos no conlleva la desestimación automática de la demanda**. Tales defectos pueden ser subsanados mediante la expedición de un nuevo emplazamiento o la enmienda correspondiente. *Caribbean Orthopedics Products v. Medshape et al.*, 207 DPR 994, 1014 (2021). Véase, además, *Banco Popular v. S.L.G. Negrón*, 164 DPR 855 (2005), y *Negrón v. Depto. Servicios,* 105 DPR 873, 875 (1997). El Tribunal fundamentó su opinión en la Regla 4.8 de Procedimiento Civil, 32 LPRA Ap. V, que permite que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento. El Tribunal subrayó que **las enmiendas permitidas por la Regla 4.8 se refieren a equivocaciones o errores inofensivos**. *Caribbean Orthopedics Products v. Medshape et al.*, 207 DPR, a la pág. 1012. Aclaró que los errores se considerarán inofensivos siempre que el emplazamiento sea lo suficientemente preciso para proporcionar una notificación adecuada. *Íd.*, citando a 4A Wright and Miller, *Federal Practice and Procedure 4th*, Sec. 1088 (2020). Esta doctrina responde al principio de política pública que favorece que los casos se ventilen en sus méritos. *Banco Popular v. S.L.G. Negrón*, 164 DPR, a la pág. 874.

Una vez autorizado el emplazamiento por edicto, este deberá publicarse una sola vez en un periódico de circulación general. Dentro de los diez (10) días de la publicación, deberá enviarse copia del emplazamiento y de la demanda por correo certificado a la última dirección

física o postal conocida del demandado. *Caribbean Orthopedics Products v. Medshape et al.*, 207 DPR, a la pág. 1012. Para cumplir con este requisito, la notificación debe enviarse a una dirección que tenga una "probabilidad razonable" de informar al demandado de la reclamación en su contra. *Rivera v. Jaume,* 157 DPR 562, 578 (2002). Véase, además, *Rodríguez v. Nasrallah,* 118 DPR 93, 102 (1986).

C

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, establece el mecanismo procesal que se tiene disponible para solicitar al tribunal el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí dispuestos. *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010); *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007); *Náter v. Ramos*, 162 DPR 616, 624 (2004). La misma provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones. *García Colón et al. v. Sucn. González*, 178 DPR, a la pág. 539; *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977). Quien solicite el relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la Regla 49.2. *García Colón et al. v. Sucn. González*, 178 DPR, a la pág. 539; *Reyes v. E.L.A. et al.*, 155 DPR 799, 809 (2001). De esa manera, se permite al tribunal cumplir con su deber de hacer un análisis de todo el expediente del caso para determinar si se configura una de las causales dispuestas en la Regla 49. *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 817 (1986).

La Regla 49.2 de Procedimiento Civil lee como sigue:

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa

representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Aunque la Regla 49.2 debe interpretarse de forma liberal, esto no significa que se le debe dar atención desmedida a uno de los dos intereses a balancear. *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR, a la pág. 818.

Además, constituye norma reiterada que la Regla 49.2 "**no es una llave maestra para reabrir a capricho el pleito ya adjudicado**". *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974) (énfasis nuestro). Es decir, el mecanismo de relevo de sentencia no puede ser utilizado en sustitución de los recursos de revisión o reconsideración, y tampoco existe para proveer un remedio adicional contra una sentencia erróneamente dictada. *Náter v. Ramos*, 162 DPR, a la pág. 625; *Olmedo Nazario v. Sueiro Jiménez*, 123 DPR 294, 299 (1989).

Con relación al término para solicitar el relevo de la sentencia, la Regla 49.2 dispone que "[l]a moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento." El Tribunal Supremo de Puerto Rico ha resuelto, y la Regla 49.2 es categórica en cuanto a esto, que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR, a la pág. 448; *Sánchez Ramos v. Troche Toro*, 111 DPR 155, 157 (1981). No obstante, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR, a la pág. 625; *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 921-922 (2000). En estos casos, la parte promovente de la moción de relevo de sentencia no estará limitada por el término de seis (6) meses dispuestos en la Regla

49.2. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 699 (2020).

D

La anotación de rebeldía es un mecanismo procesal que procura "disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia de litigación". *González Pagán v. Moret Guevara*, 202 DPR 1062 (2019); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). A esos efectos, en nuestro ordenamiento jurídico, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, establece los escenarios en que procede imponer la anotación de rebeldía, así como sus efectos. En lo pertinente, dispone:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o **de defenderse en otra forma** según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.

> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

> **Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).**

> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

(Énfasis nuestro).

Al analizar la precitada regla, el Tribunal Supremo de Puerto Rico ha expresado que el primer párrafo permite la anotación de la rebeldía por **incomparecencia**, y dispuso que **esto ocurre cuando la parte demandada no comparece después de haber sido emplazada, no se defiende mediante moción ni presenta oportunamente la contestación a la demanda**. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 823 (2023).

En cuanto al segundo párrafo de la Regla 45.1 de Procedimiento Civil, el Tribunal Supremo aclaró que con este se autoriza a que, de acuerdo con la Regla 34.3(b)(3) de Procedimiento Civil, el tribunal anote

la **rebeldía como sanción**. Es decir, sostuvo que el foro primario debe declarar incursa en rebeldía a la parte demandada si esta "se niega a descubrir su prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal". *Mitsubishi Motor v. Lunor y otros*, 212 DPR, a las págs. 823-824.

Una vez anotada la rebeldía, se darán por admitidos **todos los hechos bien alegados en la demanda** o la alegación que se haya formulado en contra del rebelde, y se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor v. Lunor y otros*, 212 DPR, a la pág. 824.

De otra parte, la Regla 45.2(b) de Procedimiento Civil delimita los casos en que los Tribunales podrán dictar una sentencia en rebeldía. En lo pertinente, dispone:

> En todos los demás casos la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, el tutor(a), el defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. **Si para que el tribunal pueda dictar sentencia [en rebeldía] o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas** o encomendar la cuestión a un comisionado o una comisionada. **Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre**.

(Énfasis nuestro).

Sobre lo dispuesto en la referida regla, en *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807 (2023), el Tribunal Supremo de Puerto Rico reiteró la postura establecida en *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 815 (1978), respecto a la norma de que un trámite en rebeldía por - incomparecencia o como sanción - tiene la repercusión de que se estimen aceptadas y ciertas todas las materias bien alegadas en la demanda. De igual forma, reiteró su pronunciamiento en *Rivera v. Goytía*, 70 DPR 30, 33

(1949), respecto a los derechos que le asisten a quienes se le ha anotado la rebeldía. En particular, el Tribunal expresó lo siguiente:

> **[C]on referencia a una parte demandada en rebeldía —que ha comparecido previamente— le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, _impugnar la cuantía_ y apelar la sentencia. No renuncia a las defensas de falta de jurisdicción ni de que la demanda no aduce hechos constitutivos de una causa de acción en favor del reclamante**. [...] En otras palabras, un trámite en rebeldía no garantiza [,] _per se_, una sentencia favorable al demandante; **el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho**.

_Mitsubishi Motor v. Lunor y otros_, 212 DPR, a las págs. 825-826, citando de _Continental Ins. Co. v. Isleta Marina_, 106 DPR, a la pág. 817. (Énfasis nuestro; bastardillas y subrayado en el original).

III

Por estar íntimamente relacionados, discutiremos en conjunto los señalamientos de error formulados por el matrimonio Alonso-Vila.

La controversia medular ante nuestra consideración es si el BPPR efectuó el emplazamiento conforme al esquema dispuesto en las Reglas 4.3(c) y 4.6 de Procedimiento Civil y, en consecuencia, si el Tribunal de Primera Instancia adquirió jurisdicción sobre la persona antes de dictar la _Sentencia en Rebeldía_.

En síntesis, el matrimonio Alonso-Vila sostiene que el foro primario permitió gestiones de emplazamiento personal fuera del término improrrogable de ciento veinte (120) días, autorizó indebidamente el emplazamiento por edicto apoyándose en una declaración jurada insuficiente, incumplió con el requisito de notificación a la última dirección conocida y dictó sentencia en rebeldía sin celebrar una vista para fijar la cuantía reclamada. Examinado el expediente a la luz del derecho aplicable, concluimos que le asiste la razón.

Surge del expediente que la demanda instada por el BPPR fue presentada el 6 de febrero de 2025, y que ese mismo día se expidieron los emplazamientos personales. Conforme a la Regla 4.3(c), el término improrrogable de ciento veinte (120) días para diligenciarlos comenzó a transcurrir en esa fecha y vencía el 6 de junio de 2025.

Durante ese término, las únicas gestiones realizadas para emplazar personalmente al matrimonio Alonso-Vila fueron en la dirección Calle A #13, Villa Caparra, Guaynabo, Puerto Rico 00965, en fechas comprendidas entre el 1 de abril y el 31 de mayo de 2025. **No se efectuaron diligencias en ninguna otra dirección dentro del término reglamentario**.

El 5 de junio de 2025, esto es, en el día ciento diecinueve (119) del término dispuesto en la Regla 4.3(c), el BPPR solicitó autorización al Tribunal de Primera Instancia para emplazar por edicto al matrimonio Alonso-Vila. No obstante, mediante la resolución emitida el 10 de junio de 2025, el foro primario declaró sin lugar la solicitud al concluir que la declaración jurada presentada no acreditaba gestiones realizadas en la dirección: Inst. Banco y Comercio Inc., 1660 Calle Santa Ana, San Juan, Puerto Rico 00909, y ordenó la realización de diligencias adicionales dirigidas a localizar a los demandados.

En cumplimiento con dicha orden, el BPPR presentó el 24 de junio de 2025 una declaración jurada suplementaria, que reflejaba una visita realizada el **12 de junio de 2025**, a la dirección Inst. Banco y Comercio Inc., 1660 Calle Santa Ana, San Juan, Puerto Rico 00909. Esa gestión ocurrió seis (6) días después de vencido el término improrrogable de ciento veinte (120) días, el cual había expirado el 6 de junio de 2025.

Si bien la jurisprudencia reconoce que el tribunal puede requerir diligencias adicionales antes de autorizar un emplazamiento por edicto, dicha facultad debe ejercerse dentro del término que impone la Regla 4.3(c). Las diligencias que sirven de fundamento para demostrar que se agotaron los esfuerzos razonables para emplazar personalmente deben realizarse dentro del término de ciento veinte (120) días para diligenciar el emplazamiento personal. **Visitar una dirección nueva constituye una gestión sustantiva del diligenciamiento personal**. **Permitir que una gestión realizada el 12 de junio de 2025 sirviera de base para autorizar el emplazamiento por edicto implicó, en efecto, extender el término**

**dispuesto por ley**, en contravención a lo resuelto en *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018).

La situación se agrava al considerar que del propio expediente surge que el BPPR había remitido una carta de cobro al matrimonio Alonso-Vila a la dirección: 1353 Ave. Luis Vigoreaux, Guaynabo, Puerto Rico 00966**.** No obstante, no se realizaron gestiones de emplazamiento personal en esa dirección dentro del término de ciento veinte (120) días. Las únicas direcciones objeto de diligencias fueron: (1) Calle A #13, Villa Caparra, Guaynabo, Puerto Rico 00965, dentro del término de 120 días; y, (2) Inst. Banco y Comercio Inc., 1660 Calle Santa Ana, San Juan, Puerto Rico 00909, fuera del término. La omisión de intentar emplazar en una dirección que constaba en récord y que estaba razonablemente accesible al demandante demuestra que no se agotaron todas las posibilidades razonables disponibles, como exige la jurisprudencia.

De ello se desprende que la declaración jurada suplementaria resultaba jurídicamente insuficiente, pues no corregía un defecto formal dentro del término reglamentario, sino que pretendía justificar una gestión sustantiva realizada fuera del término improrrogable de ciento veinte (120) días, el cual venció el 6 de junio de 2025.

La aceptación de dicha declaración por el Tribunal de Primera Instancia no operó como una mera enmienda permitida por la Regla 4.8, sino que tuvo el efecto práctico de extender un término que la Regla 4.3(c) y la jurisprudencia del Tribunal Supremo han catalogado como improrrogable. Al considerar esa gestión tardía como base suficiente para autorizar el emplazamiento por edicto, el foro primario incurrió en error, pues prorrogó tácitamente un término que no admite extensión.

De igual forma, la validez del emplazamiento por edicto incide directamente sobre la anotación de rebeldía y la sentencia posterior. La Regla 4.6(a) exige que, además de la publicación, se notifique copia del emplazamiento y de la demanda a la última dirección física o postal conocida del demandado con probabilidad razonable de informarle la

reclamación en su contra. El hecho de que el BPPR conociera la dirección 1353 Ave. Luis Vigoreaux, Guaynabo, Puerto Rico 00966, y omitiera realizar diligencias o remitir allí copia del emplazamiento por edicto constituye un incumplimiento claro del requisito de notificación a la última dirección conocida dispuesto en la Regla 4.6(a).

Por otra parte, la anotación de rebeldía no suple la falta de jurisdicción sobre la persona. Si bien la Regla 45 autoriza al tribunal a dictar sentencia sin vista cuando la cuantía reclamada es determinada o determinable, ello parte de la premisa indispensable de que el emplazamiento se haya efectuado válidamente y que el tribunal haya adquirido jurisdicción conforme a derecho. Cuando el emplazamiento es defectuoso o se diligencia fuera del término legal, la sentencia en rebeldía carece de eficacia jurídica por ausencia de jurisdicción personal.

En vista de lo anterior, es forzoso concluir que el emplazamiento no se efectuó conforme a derecho. Al no haberse cumplido estrictamente con los requisitos y términos dispuestos en las Reglas 4.3(c) y 4.6 de Procedimiento Civil, el Tribunal de Primera Instancia nunca adquirió jurisdicción sobre la persona del matrimonio Alonso-Vila. En consecuencia, la *Sentencia en Rebeldía* dictada el 29 de septiembre de 2025, es nula, por lo que procede su revocación.

IV

A la luz de los hechos y el derecho antes expuestos, este Tribunal expide el auto de *certiorari* y revoca la *Sentencia en Rebeldía* dictada en el caso. Adicionalmente, y conforme lo dispuesto en la Regla 4.3(c) de Procedimiento Civil, se ordena la **desestimación sin perjuicio** de la demanda instada por el Banco Popular de Puerto Rico en contra del matrimonio Alonso-Vila.

Notifíquese

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones