ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JUAN NIEVES MORALES, ARIEL TIRADO LORENZO, ZENÓN BONET RIVERA, CARLOS RUIZ BRIGNONI, SGTO. HÉCTOR OQUENDO FELICIANO, JOHN VÉLEZ HERNÁNDEZ, CARLOS ÁLVAREZ ESTEVES, EDUARDO NORIEGA SANTONI, BRAULIO TORRES MORALES, HÉCTOR BONILLA BONILLA<br><br>Apelantes<br><br>v.<br><br>MUNICIPIO DE RINCÓN, REPRESENTADO POR SU ALCALDE, HON. CARLOS D. LÓPEZ BONILLA, Y OTROS<br><br>Apelados | TA2026AP00304 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br><br>Caso Núm.: AG2025CV01513<br><br><br>Sobre: Plan de Clasificación; Hostigamiento Laboral |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de abril de 2026.

Comparecen los apelantes de epígrafe mediante recurso de *Apelación* y nos solicitan que revoquemos una *Sentencia* emitida el 24 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("TPI"). En virtud del aludido dictamen, el TPI desestimó la demanda instada por la parte apelante, debido a un diligenciamiento de emplazamiento defectuoso.

Por los fundamentos que proceden, se *revoca* la determinación apelada.

**I.**

El 27 de agosto de 2025, la parte apelante radicó una *Demanda* sobre el plan de retribución y clasificación, así como hostigamiento laboral, en contra del Municipio de Rincón, representado por su alcalde, el Hon. Carlos D. López Bonilla ("Municipio" o "Apelado"), entre otros. En igual fecha, los apelantes presentaron los proyectos de emplazamiento correspondientes, mediante los

cuales indicaron que los apelados tendrían un término de treinta (30) días para presentar su alegación responsiva. Ese mismo día, la Secretaría del Tribunal expidió los emplazamientos, tal cual fueron presentados.

Posteriormente, el 30 de diciembre de 2025, el Municipio notificó, sin someterse a la jurisdicción del Tribunal, una moción intitulada *Comparecencia Asumiendo Representación Legal del Municipio de Rincón y Solicitud de Desestimación.* Relató que, el 28 de octubre de 2025, la parte apelante diligenció el emplazamiento dirigido al Municipio y su alcalde. No obstante, sostuvo que el emplazamiento expedido y diligenciado, incorrectamente, disponía que tendrían un término de treinta (30) días para presentar su alegación responsiva. Ante ello, razonó que el emplazamiento resultaba defectuoso, ya que el Estado Libre Asociado de Puerto Rico, al igual que sus municipios, tienen un plazo de sesenta (60) días para presentar sus alegaciones responsivas. Por tanto, solicitó la desestimación de la reclamación, por falta de jurisdicción sobre su persona, por insuficiencia del emplazamiento.

Tras varias instancias, el 16 de febrero de 2026, los apelantes radicaron su *Réplica a Solicitud de Desestimación.* Arguyeron que la falta en cuanto al término dispuesto para responder la demanda constituía un error técnico, el cual podía ser subsanado. Precisaron que la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 10.1, es clara en cuanto al término de sesenta (60) días y, como consecuencia, prevalece sobre el error de forma de treinta (30) días contenido en el emplazamiento. Detallaron, además, que el referido error no colocó a los apelados en un estado de indefensión. A su vez, manifestaron que el emplazamiento cumplió el propósito de notificarles de la reclamación presentada en su contra.

El 24 de febrero de 2026, notificada el día siguiente, el TPI emitió una *Sentencia* en virtud de la cual desestimó la reclamación en contra de los apelados, por insuficiencia en el emplazamiento. Determinó que un emplazamiento que indique erróneamente cuándo debe comparecer un demandado se considera insuficiente, ya que viola su derecho a un debido

proceso de ley. Por tanto, concluyó que el defecto en el emplazamiento invalidó su diligenciamiento.

Inconformes, el 24 de marzo de 2026, la parte apelante acudió ante nos mediante un recurso de *Apelación* en el cual realizaron el siguiente señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia, Sala de Aguadilla al desestimar la demanda por alegadas deficiencias de los emplazamientos.**

El 30 de marzo de 2026, la parte apelante presentó una *Moción Informativa*, a los efectos de anejar una Resolución emitida el 24 de marzo de 2026, en el caso AG2025CV01667[1], por el mismo juez que preside el caso de autos. Indicaron que, en el aludido caso, se permitió enmendar un emplazamiento que incluía un error relacionado al término que el Estado tenía para presentar su alegación responsiva, en lugar de desestimar la reclamación.

Por su parte, el 22 de abril de 2026, la parte apelada presentó su *Alegato en Oposición al Recurso*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

En nuestro sistema adversativo, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial." *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997); *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 22 (1993); *Pagán v. Rivera Burgos,* 113 DPR 750, 754 (1983). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. *Martajeva v. Ferré Morris y otros,* 210 DPR 612, 5 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021).

---

[1] Tomamos conocimiento judicial, conforme permite la Regla 201 de Evidencia, 32 LPRA Ap. IV.

Como norma general, la notificación que exige la garantía del debido proceso de ley se satisface por medio de la entrega personal del emplazamiento y la demanda a cada demandado. En atención a ello, la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V., R. 4, regula la expedición, forma y diligenciamiento de un emplazamiento.

La inobservancia de dichos requisitos priva al tribunal de su jurisdicción sobre la persona del demandado. *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017); *Datiz Vélez v. Hospital Episcopal*, 163 DPR 10, 15 (2004). Nuestro más Alto Foro ha resuelto que:

> [E]xiste en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley. *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 916 (1998).

Por esta razón, tales requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 645 (2018). Ante un emplazamiento defectuoso, el tribunal está impedido de actuar contra una persona, y si lo hace, la sentencia que recaiga será nula por falta de jurisdicción sobre la persona. *Rivera v. Jaume*, 157 DPR 562, 573-574 (2002); *Lonzo Llanos v. Banco de la Vivienda*, 133 DPR 507 (1993).

No obstante, la Regla 4.8 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.8, faculta al tribunal a permitir que se enmiende un emplazamiento defectuoso. De manera particular, la aludida regla dispone lo siguiente:

> **En cualquier momento, a su discreción y en los términos que crea justos**, se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, a menos que se demuestre claramente que, de así hacerlo se, perjudicarían sustancialmente los derechos esenciales de la parte contra quien se expidió el emplazamiento. (Énfasis suplido). *Íd.*

El Tribunal Supremo ha resuelto que "el defecto en el diligenciamiento puede ser subsanado mediante la expedición de una nueva orden o emplazamiento y su diligenciamiento". *Negrón v. Depto. Servicios Sociales*, 105 DPR 873, 876 (1977). En palabras del tratadista Hernández Colón, tanto el emplazamiento como su diligenciamiento y prueba de diligenciamiento pueden

ser enmendados. Si se hicieron incorrectamente, se pueden enmendar para hacerlos correctamente, a discreción del tribunal, el cual considerará el perjuicio que el permitir la enmienda pueda causar a la parte contra quien se expidió el emplazamiento. R. Hernández Colon, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 273.

Asimismo, se ha aclarado que las enmiendas permitidas por la Regla 4.8 de Procedimiento Civil, *supra*, "son aquellas dirigidas a subsanar meros errores técnicos". *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1011 (2021); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 26 (1993); *Colón Gandía v. Tribunal Superior*, 93 DPR 225, 231-232 (1966). En esa línea, los tratadistas Wright y Miller han expresado que, **"siempre que el emplazamiento sea lo suficientemente preciso para proporcionar una notificación adecuada, con toda probabilidad se permitirá una enmienda y se considerará el error como inofensivo"**. (Énfasis suplido). *Caribbean Orthopedics v. Medshape et al.*, *supra*, pág. 1012, citando a 4A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, sec. 1088 (4th Ed.) (2020).

A esos efectos, el Tribunal Supremo ha aclarado que **"si el foro primario ordena una enmienda a un emplazamiento por edicto -de un emplazamiento previamente realizado en el término de 120 días- el diligenciamiento de la enmienda no priva de jurisdicción al tribunal"**. (Énfasis suplido). *Caribbean Orthopedics v. Medshape et al.*, *supra*, pág. 999. En otras palabras, el tribunal **"tiene discreción para ordenar la enmienda de un emplazamiento pasado el término de 120 días para emplazar que disponen nuestras Reglas de Procedimiento Civil, <u>siempre y cuando el diligenciamiento del emplazamiento original se haya efectuado durante ese plazo</u>"**. (Énfasis suplido). *Íd.*, pág. 1015.

### III.

En síntesis, los apelantes señalan que el foro de instancia erró al concluir que una falta contenida en el emplazamiento, relacionada al término indicado para presentar la alegación responsiva, no es subsanable. Arguyen que un error de tal naturaleza constituye un error de forma, el cual puede ser subsanado

mediante enmienda. Sostienen, además, que los errores de forma no invalidan un emplazamiento si el demandado advino en conocimiento del pleito y no le ocasionó un perjuicio. Les asiste la razón. Veamos.

El propósito del emplazamiento es notificarle al demandado de la reclamación instada en su contra y proveerle la oportunidad de defenderse y ser oído. Cumplido este propósito, dentro del término de ciento veinte (120) días, el Tribunal adquiere jurisdicción sobre la persona demandada. **Una posterior enmienda al emplazamiento, fuera del término de ciento veinte (120) días, al amparo de la Regla 4.8 de Procedimiento Civil,** *supra,* **no incide sobre la jurisdicción ya adquirida.** *Caribbean Orthopedics v. Medshape et al., supra.*

Atinente a la controversia ante nos, la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1, establece que, cuando el Estado Libre Asociado, los municipios, sus funcionarios o una de sus instrumentalidades sean parte de un pleito, el término para que cualquiera de las partes presente su alegación responsiva será de sesenta (60) días. Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 10.1. En el caso de marras, no existe controversia respecto al hecho de que el emplazamiento, por error o inadvertencia, dispuso que el Municipio tenía treinta (30) días, en lugar de sesenta (60) días, para presentar su alegación responsiva.

Sin embargo, según hemos reseñado, la Regla 4.8 de Procedimiento Civil, *supra,* le concede al Tribunal la discreción de autorizar una enmienda al emplazamiento, en cualquier momento, siempre y cuando no se perjudiquen sustancialmente los derechos de la parte demandada. Lo determinante al momento de autorizar una enmienda será resolver si el error en el emplazamiento fue lo suficientemente inofensivo como para, aun así, proporcionar una notificación adecuada.

Conforme surge del expediente, el 28 de octubre de 2025, los apelantes diligenciaron el emplazamiento al Municipio, junto con una copia de la *Demanda,* dentro del término de 120 días. El hecho de que el emplazamiento expresara un término incorrecto no impidió que el Municipio adviniera en conocimiento de la reclamación presentada en su contra. Más aún, el Municipio

nunca alegó que el referido error le ocasionó un perjuicio o le impidió defenderse adecuadamente. Es por ello que, diligenciado oportunamente el emplazamiento, el Municipio quedó debidamente notificado de la demanda instada en su contra, de manera tal que el Tribunal adquirió jurisdicción sobre su persona.

Como consecuencia, somos del criterio que se cometió un error técnico el cual podía ser enmendando a discreción del tribunal, conforme dispone la Regla 4.8 de Procedimiento Civil, *supra*. No nos encontramos ante un escenario donde el emplazamiento fue realizado fuera del término jurisdiccional o donde la parte demandante solicita una prórroga para diligenciar el mismo. La parte apelante realizó todo el trámite sobre el emplazamiento dentro del término de ciento veinte (120) días. Por ende, una posterior enmienda al emplazamiento diligenciado dentro del término no afecta la jurisdicción ya adquirida sobre el Municipio. Reiteramos que el error contenido en el emplazamiento no ocasionó un perjuicio o colocó al Municipio en un estado de indefensión.

Resulta forzoso concluir que el foro de instancia incidió al desestimar la demanda, previo a autorizar una enmienda al emplazamiento. Reconocemos que la parte apelante no solicitó que el foro de instancia autorizara una enmienda al emplazamiento. Sin embargo, ello no impidió que el TPI, *motu proprio*, empleara su discreción y ordenara la enmienda. Por tanto, procede revocar la *Sentencia* apelada y devolver el caso ante el TPI, a los fines de autorizar la enmienda correspondiente y continuar con los procedimientos.

### IV.

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia*, se *revoca* la determinación apelada. Se devuelve al Tribunal de Primera Instancia, Sala Superior de Aguadilla, para la continuación de los procedimientos, conforme a lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones